PER CURIAM.
Under Rule Regulating the Florida Bar 10-2.1(a), Unlicensed Practice of Law, non-lawyers may assist persons in filling out legal forms approved by the Florida Supreme Court. Since the implementation of this rule in 1987, The Florida Bar has developed, and the Court has approved, simplified forms for use by nonlawyers assisting third parties.[1] The Board of Governors of The Florida Bar has filed a petition recommending amendments to several residential lease forms and the deletion of two residential lease forms formerly approved by the Court for use by nonlawyers. The Board explains that the Real Property, Probate, and Trust Law Section of The Florida Bar proposed the amendments to the Board after seeking input from the Florida Association of Realtors and the Housing Group of Florida Legal Services, Inc. Some of the amendments reflect statutory changes. Official notice of the filing of the forms with the Court was published in The Florida Bar News on January 1, 2009.
We hereby approve the amendments to the following forms as shown in the appendix to this opinion: (1) Residential Lease for Single Family Home and Duplex (for a term not to exceed one year); (2) Residential Lease for Apartment or Unit in MultiFamily Rental Housing (Other than a Duplex) Including a Mobile Home (for a term not to exceed one year); and (3) Residential Landlord-Tenant Forms. Added language is underlined and deleted language is struck through. We express no opinion as to whether the approved lease forms comport with current law.
In addition to the forms, The Florida Bar has prepared instructions to accompany some of the forms. While we authorize the publication of the instructions, we do not express an opinion on their legal correctness. Because local procedures may vary from circuit to circuit, the chief judge of each circuit is authorized to prepare supplemental directions for using forms. All such directions shall be filed with the clerks of the court in the circuits and with the clerk of this Court.
Finally, as recommended by the Board, we delete the following two forms: (1) Residential Lease for Unit in Condominium or Cooperative (for a term not to exceed one year) and (2) Residential Lease for Single Family Home and Duplex (for a term not to exceed one year) 1992 version.
*504 Accordingly, and upon consideration of the proposed revisions, we adopt same and approve the attached lease forms, effective upon the release of this opinion.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
Residential Lease for Single Family Home andor Duplex
(FOR A TERM NOT TO EXCEED ONE YEAR)
A BOX (□) OR A BLANK SPACE (_) INDICATES A PROVISION WHERE A CHOICE OR DECISION MUST BE MADE BY THE PARTIES. THE LEASE IMPOSES IMPORTANT LEGAL OBLIGATIONS. MANY RIGHTS AND RESPONSIBILITIES OF THE PARTIES ARE GOVERNED BY CHAPTER 83, PART II, RESIDENTIAL LANDLORD AND TENANT ACT, FLORIDA STATUTES. UPON REQUEST, — T-HE LANDLORD SHALL PROVIDE A COPY OF THE RESIDENTIAL LANDLORD AND TENANT ACT TO THE — TENANT(S) IS ATTACHED TO THIS LEASE.
1.PARTIES. This is a lease (“the Lease”) between _ (name & address of owner of the property) _ (“Landlord”) and _ (name(s) of person(s) to whom the property is leased)_(“Tenant.”)
Landlord’s E-mail address: -
Landlord’s Telephone Number: -
Tenant’s E-mail address: -
Tenant’s Telephone Number: _
2.PROPERTY RENTED. Landlord leases to Tenant the land and buildings located at - (street address), Florida _ (zip code) together with the following furniture and appliances [List all furniture and appliances. If none, write “none.”] (In the Lease, the property leased, including furniture and appliances, if any, is called “the Premises”):
[[Image here]]
The Premises shall be occupied only by the Tenant and the following persons:
[[Image here]]
3. TERM. This is a lease for a term, not to exceed twelve months, beginning on _ (month, day, year) and ending _ (month, day, year) (the “Lease Term”).
4. RENT PAYMENTS, TAXES AND CHARGES.
Tenant shall pay total rent in the amount of $_(excluding taxes) for the Lease Term. The rent shall be payable by Tenant in advance in installments or in full as provided in the options below:
□ in installments. If in installments, rent shall be payable
□ monthly, on the_day of each month, (Ifif left blank, on the first day of each month,) in the amount of $_ per installment.
OR
□ weekly, on the_day of each week. (If left blank, on Monday of each week.) in the amount of $_per installment.
*505 □ pea?-installment.in full on _ (date) in the amount of $-
Tenant shall also be obligated to pay taxes on the rent when applicable in the amount of $_□ with each rent installment □ with the rent for the full term of the Lease. Landlord will notify Tenant if the amount of the tax changes.
Payment Summary
□ If rent is paid in installments, the total payment per installment including taxes shall be in the amount of $-
□ If rent is paid in full, the total payment including taxes shall be in the amount of $_
All rent payments shall be payable to _ (name) at _(address). (If left blank, to Landlord at Landlord’s address).
□ If the tenancy starts on a day other than the first day of the month or week as designated above, the rent shall be prorated from _ (date) through _(date) in the amount of $_ and shall be due on - (date) (If rent paid monthly, prorate on a 30 day month.)
Tenant shall make rent payments required under the Lease by (choose all applicable) □ cash, □ personal check, □ money order, □ cashier’s check, or □ other - (specify). If payment is accepted by any means other than cash, payment is not considered made until the other instrument is collected.
If Tenant makes a rent payment with a worthless check, Landlord can require Tenant □ to pay all future payments by □ money order, cashier’s check or official bank check or □ cash or other (specify), and to □ pay bad check fees in the amount of $-(not to exceed the amount prescribed by Section 68.065, Florida Stat-
5. MONEY DUE PRIOR TO OCCUPANCY. Tenant shall pay the sum of $-in accordance with this -P-ara-graphparagraph prior to occupying the Premises. Tenant shall not be entitled to move in or to keys to the Premises until all money due prior to occupancy has been paid. If no date is specified below, then funds shall be due prior to tenantTenant occupancy. Any funds designated in this paragraph due after occupancy, shall be paid accordingly. Any funds due under this paragraph shall be payable to Landlord at Landlord’s address or to
[[Image here]]
(name)
at
[[Image here]]
(address)
First O month’s Q week’s rent plus applicable taxes Prorated rent plus applicable taxes
Advance rent for d month Q week of_ plus applicable taxes
Last □ month’s □ week’s rent plus applicable taxes
Security deposit
Additional security deposit
Security deposit for homeowner’s association
Pet Deposit
Other_
Other_
[[Image here]]
*506 6. LATE FEES. (Complete if applicable) In addition to rent, Tenant shall pay a late charge in the amount of $_ (If left blank, 4% of the rent payment) for each rent payment made _ days after the day it is due (if left blank, 5 days if rent is paid monthly, 1 day if rent is paid weekly).
7. PETS AND SMOKING. Tenant Unless this box □ may is checked or a pet deposit is paid, Tenant may not keep pets or animals on the Premises. If Tenant may keep pets, the pets described in this Paragraphparagraph are permitted on the Premises.
[[Image here]]
(Specify number of pets, type(s), breed, maximum adult weight of pets.)
[[Image here]]
(-Specify number-of petSj type(-s-),-breedT maximum-adult-weight of pets.)
Unless this box [~1 ⅛ checked, no smoking is permitted in the Premises.
8.NOTICES.
_is Landlord’s Agent. All notices must be sent to
□ Landlord _ at_
□ Landlord’s Agent _ at
[[Image here]]
roofs _windows
doors _floors
foundations _plumbing
heating _ hot water
electrical system
garbage removal/ outside receptacles
extermination of rats, mice, roaches, ants and bedbugs
extermination of wood-destroying organisms
lawn/shrubbery _ pool/spa/hot tub
water treatment _ filters (specify)
ceilings _ interior walls
Other (specify) _
unless Landlord gives Tenant written notice of a change. All notices of such names and addresses or changes thereto shall be delivered to the Tenant’s residence or, if specified in writing by the Tenant, to any other address. All notices to the Landlord or the Landlord’s Agent (whichever is specified above) shall be given by U.S. mail or by hand delivery.
Any notice to Tenant shall be given by U.S. mail or delivered to Tenant at the Premises. If Tenant is absent from the Premises, a notice to Tenant may be given by leaving a copy of the notice at Premises.
9. UTILITIES. Tenant shall pay for all utilities services during the Lease Term and connection charges and deposits for activating existing utility connections to the Premises except for _, that Landlord agrees to provide at Landlord’s expense (If blank, then “NONE”).
10. MAINTENANCE.
Landlord shall be responsible for compliance with Section 83.51, Florida Statutes, and shall be responsible for maintenance and repair of the Premises, unless otherwise stated below: (Fill in each blank space with “Landlord” for Landlord or “Tenant” for Tenant, if left blank, Landlord will be responsible for the item):
_screens steps
_porches exterior walls
_ structural components
_running water _ locks and keys
_ cooling smoke detection devices
[[Image here]]
Tenant shall notify left blank, Landlord at Landlord’s address) - (name) at and _ (tele-_ (address) (if
*507 phone number) of maintenance and repair requests.
11. ASSIGNMENT. Unless this box [~| is checked, Tenant may- may not assign the leaseLease or sublease all or any part of the Premises without first obtaining the Landlord’s written approval and consent to the assignment or sublease.
12. KEYS AND LOCKS. Landlord shall furnish Tenant
_ # of sets of keys to the dwelling
_ # of mail box keys
_ # of garage door openers
If there is a homeowner’s association, Tenant will be provided with the following to access the association’s common areas/facilities:
_ # of keys to_
_ # of remote controls to_
_ # of electronic cards to _
- other (specify) to_
At end of Lease Term, all items specified in this Paragraphparagraph shall be returned to _
(name) at _
(address) (If left blank, Landlord at Landlord’s address).
13. LEAD-BASED PAINT. tQ Check and complete if the dwelling was built before January 1, 1978. Lead Warning Statement (when used in this article, the term Lessor refers to Landlord and the term Lessee refers to Tenant)
Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, lessorsLessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.
Lessor’s Disclosure (initial)
- Presence of lead-based paint or lead-based paint hazards (check (i) or (ii) below):
- Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).
[[Image here]]
(ii)_ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing
- Records and reports available to the iessorLessor (check (i) or (ii) below):
- Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).
[[Image here]]
_ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.
Lessee’s Acknowledgment (initial)
_ Lessee has received copies of all information listed above.
_ Lessee has received the pamphlet Protect Your Family From Lead in Your Home.
Agent’s Acknowledgment (initial)
_ Agent has informed the -lessor Lessor of the lessorLessor’s obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.
Certification of Accuracy
The following parties have reviewed the information above and certify, to the best *508 of their knowledge, that the information provided by the signatory is true and accurate.
[[Image here]]
Lessor’s signature Date
[[Image here]]
Lessee’s signature Date
[[Image here]]
Agent’s signature Date
[[Image here]]
Lessor’s signature Date
[[Image here]]
Lessee’s signature Date
[[Image here]]
Agent’s signature Date
14. MILI-T-AR-Y/U.S. CIVIL-SER-VICTh-Check if applicable,SERVICEMEM-BER. If Tenant is a member of the United States Armed Forces on active duty or state active duty or a member of the Florida National Guard or United States Reserve Forces, the Tenant has rights to terminate the Lease as provided in Section 83.682, Florida Statutes, the provisions of which can be found in the attachment to this Lease-
In the event-Tenant, who is in-the.Military/U.S. Civil Service; should receive government-orders for permanent change of duty station-requiring Tenant-to-relocate awayfrom-the-Rremises, then Tenant-may terminate -the-Lease without further-liability — by—giving Landlord 30 -days — advance written-notice and a copy of-the-transfer order.
15. LANDLORD’S ACCESS TO THE PREMISES. As provided in-Chapter-S37 Par-t-I-I — Residential Landlord and Tenant Act, Florida Statutes, Landlord or Landlord’s Agent may enter the Premises in the following circumstances:
At any time for the protection or preservation of the Premises.
After reasonable notice to Tenant at reasonable times for the purpose of repairing the Premises.
To inspect the Premises; make necessary or agreed-upon repairs, decorations, alterations, or improvements; supply agreed services; or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors under any of the following circumstances:
with Tenant’s consent;
in case of emergency;
when Tenant unreasonably withholds
consent; or
if Tenant is absent from the Premises for a period of at least one-half a Rental Installmentrental installment period. (If the rent is current and Tenant notifies Landlord of an intended absence, then Landlord may enter only with Tenant’s consent or for the protection or preservation of the Premises.)
16.HOMEOWNER’S ASSOCIATION. If Tenant must be approved-by-a-homeowner’s association (“association”)) Landlord-and-Tenant-agree-that the Lease is contingent — upon—receivingIF TENANT MUST BE APPROVED BY A HOMEOWNER’S ASSOCIATION (“ASSOCIATION”), LANDLORD AND TENANT AGREE THAT THE LEASE IS CONTINGENT UPON RECEIVING APPROVAL FROM THE ASSOCIATION. ANY APPLICATION FEE REQUIRED BY AN ASSOCIATION SHALL BE PAID BY [H LANDLORD |~1 TENANT. IF SUCH APPROVAL IS NOT OBTAINED PRIOR TO COMMENCEMENT OF LEASE TERM, EITHER PARTY MAY TERMINATE THE LEASE BY WRITTEN NOTICE TO THE OTHER GIVEN AT ANY TIME PRIOR TO APPROVAL BY THE AS *509 SOCIATION, AND IF THE LEASE IS TERMINATED, TENANT SHALL RECEIVE RETURN OF DEPOSITS SPECIFIED IN ARTICLE 5, IF MADE. If the Lease is not terminated, rent shall abate until the approval is obtained from the association. Any.application fee re-qnired-by-an-association shall be paid by Landlord-T&nant-and -is refundable-nonrefundable. — I-f-such-approval is not obtained prior to commencement of-Lease-Term, Tenant shall receive — retur-n—of-deposits spec-ified-in-Paragraph 5, if made» and the ebligatiens-of-the-partieS' under the Lease shall-terminate. Tenant agrees to use due diligence in applying for association approval? and to comply with the requirements for obtaining approval and-agrees to pay any fee required-foy-the association for procuring-approval. □ Landlord □ Tenant shall pay the security deposit required by the association, if applicable.
17.USE OF THE PREMISES. Tenant shall use the Premises for residential purposes. Tenant shall have exclusive use and right of possession to the dwelling. The Premises shall be used so as to comply with all state, county, municipal laws and ordinances, and all covenants and restrictions affecting the Premises and all rules and regulations of homeowners’ associations affecting the Premises. Tenant may not paint or make any alterations or improvements to the Premises without first obtaining the Landlord’s written consent to the alteration or improvement. However, unless this box |~| is checked, Tenant may hang pictures and install window treatments in the Premises without Landlord’s consent, provided Tenant removes all such items before the end of the Lease Term and repairs all damage resulting from the removal. Any improvements or alterations to the Premises made by the Tenant shall become Landlord’s property. Tenant agrees not to use, keep, or store on the Premises any dangerous, explosive, toxic material which would increase the probability of fire or which would increase the cost of insuring the Premises.
18. RISK OF LOSS/INSURANCE.
Landlord and Tenant shall each be responsible for loss, damage, or injury caused by its own negligence or willful conduct.
Tenant should carry insurance covering Tenant’s personal property and Tenant’s liability insurance.
19. PROHIBITED ACTS BY LANDLORD. Landlord is prohibited from taking certain actions as described in Section 83.67, Florida Statutes, the provisions of which can be found in the attachment to this Lease.
20. CASUALTY DAMAGE. If the Premises are damaged or destroyed other than by wrongful or negligent acts of Tenant or persons on the Premises with Tenant’s consent, so that the use of the Premises is substantially impaired, Tenant may terminate the Lease within 30 days after the damage or destruction and Tenant will immediately vacate the Premises. If Tenant vacates, Tenant is not liable for rent that would have been due after the date of termination. Tenant may vacate the part of the Premises rendered unusable by the damage or destruction, in which case Tenant’s liability for rent shall be reduced by the fair rental value of the part of the Premises that was damaged or destroyed.
21.4⅛ DEFAULTS/REMEDIES. Should a party to the Lease fail to fulfill their responsibilities under the Lease or need to determine whether there has been a default of the Lease, refer to Part II, Chapter 83, entitled Florida Residential Landlord and Tenant Act which contains information on same?defaults and/⅛ remedies — available* A copy of the current version of this Act is attached to the par-tiesLease.
*510 22.26, SUBORDINATION. The Lease is automatically subordinate to the lien of any mortgage encumbering the fee title to the Premises from time to time.
23.21, LIENS. Tenant shall-not have the right or authority-to encumber the Premises or to permit- any person to claim or assert any. lien — for the.improvement~or repair of the Premises made by Ten-aaLTHE INTEREST OF THE LANDLORD SHALL NOT BE SUBJECT TO LIENS FOR IMPROVEMENTS MADE BY THE TENANT AS PROVIDED IN SECTION 713.10, FLORIDA STATUTES. Tenant shall notify all parties performing work on the Premises at Tenant’s request that the Lease does not allow any liens to attach to Landlord’s interest.
24.22, RENEWAL/EXTENSION. The Lease can be renewed or extended only by a written agreement signed by both Landlord and Tenant, but the term of a renewal or extension together with the original Lease Term may not exceed one year. A new lease is required for each year.
2⅝— TENANT’S PERSONAL PROPERTY — BY.SIGNING THIS RENTAL AGREEMENT,-TENA-N-T — AGREES THAT -UPON SURRENDER OR ABANDONMENT, AS — DEFINED ...BY — T-H-E FLORIDA STATUTES, — LANDLORD SHALL NOT BE-LIAB-LE-QR RESPONSIBLE FOR STORAGE-OR DISPOSITION — ©E—TENANTES—PERSONAL PROPERTY,
25.24, TENANT’S TELEPHONE NUMBER. Tenant shall, within 5 business days of obtaining telephone services at the Premises, send written notice to Landlord of Tenant’s telephone numbers at the Premises.
26.25, ATTORNE4PSATTORNEYS’ FEES. In any lawsuit brought to enforce the Lease or under applicable law, the party who wins-in whose favor a .judgment or decree has been rendered may recover its-reasonable court costs and-attorney’s, including attorneys’ feesi from the non-prevailing party who loses.
27.26, MISCELLANEOUS.
Time is of the essence of the performance of each party’s obligations under the Lease.
The Lease shall be binding upon and for the benefit of the heirs, personal representatives, successors, and permitted assigns of Landlord and Tenant, subject to the requirements specifically mentioned in the Lease. Whenever used, the singular number shall include the plural or singular and the use of any gender shall include all appropriate genders.
The agreements contained in the Lease set forth the complete understanding of the parties and may not be changed or terminated orally.
No agreement to accept surrender of the Premises from Tenant will be valid unless in writing and signed by Landlord.
All questions concerning the meaning, execution, construction, effect, validity, and enforcement of the Lease shall be determined pursuant to the laws of Florida.
A facsimile copy of the Lease and any signatures hereon shall be considered for all purposes originals.
As required by law, Landlord makes the following disclosure: “RADON GAS.” Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county health department.
*511 28.23t BROKERS’COMMISSION. jkQ Check and complete if applicable. The brokerage companies named below will be paid the commission set forth in this ⅛⅞-graphparagraph by ©□ Landlord ÍQ Tenant for procuring a tenant for this transaction.
[[Image here]]
Real Estate Licensee
[[Image here]]
Real Estate Brokerage Company
[[Image here]]
Commission
[[Image here]]
Real Estate Licensee
[[Image here]]
Real Estate Brokerage Company
[[Image here]]
Commission
29. TENANT’S PERSONAL PROPERTY. TENANT MUST INITIAL IN THIS BOX n FOR THE FOLLOWING PROVISION TO APPLY. BY SIGNING THIS RENTAL AGREEMENT. THE TENANT AGREES THAT UPON SURRENDER. ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT’S PERSONAL PROPERTY.
The Lease has been executed by the parties on the dates indicated below.
2⅝ — EXECUTION. Executed.by Land-
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Tenant’s Signature
[[Image here]]
Date
[[Image here]]
Tenant’s Signature
[[Image here]]
Date
This form was completed with the assistance of:
Name of Individual: _
Name of Business: _
Address: _
Telephone Number: _
Copy of Current Version of Florida Residential Landlord and Tenant Act, Part II, Chapter 83, Florida Statutes to Be Attached
EARLY TERMINATION FEE/LIQUIDATED DAMAGES ADDENDUM
[...■] I agree, as provided in the rental agreement, to pay $ (an amount that does not exceed 2 months’ rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.
[....] I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
*512 [[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Tenant’s Signature
[[Image here]]
Date
[[Image here]]
Tenant’s Signature
[[Image here]]
Date
RESIDENTIAL LEASE FOR APARTMENT OR UNIT IN MULTI-FAMILY RENTAL HOUSING (OTHER THAN A DUPLEX) INCLUDING A MOBILE HOME, CONDOMINIUM, OR COOPERATIVE (FOR A TERM NOT TO EXCEED ONE YEAR)
(Not To Be Used For Commercial, Agricultural, or Other Residential Property)
WARNING: IT IS VERY IMPORTANT TO READ ALL OF THE LEASE CAREFULLY. THE LEASE IMPOSES IMPORTANT LEGAL OBLIGATIONS.
AN ASTERISK (*) OR A BLANK SPACE (_) INDICATES A PROVISION WHERE A CHOICE OR A DECISION MUST BE MADE BY THE PARTIES.
NO CHANGES OR ADDITIONS TO THIS FORM MAY BE MADE UNLESS A LAWYER IS CONSULTED.
I.TERM AND PARTIES. This is a lease (“the “Lease”) for a period of _ [number] months (the “Lease Term”), beginning _ [month, day, year] and ending _ [month, day, year], between _ [name of owner of the property] and _ [name(s) of person(s) to whom the property is leased] (In the Lease, the owner, whether one or more, of the property is called “Landlord.” Ml persons to whom the property is leased are called “Tenant.”)
Landlord’s E-mail address: -
Landlord’s Telephone Number: _
Tenant’s E-mail address: -
Tenant’s Telephone Number: _
II.PROPERTY RENTED. Landlord leases to Tenant the-apartment or unit no. _ in the building located at _ [street address] known as _ [name of apartment_or_condominium], _ [city], Florida _ [zip code] together with the following furniture and appliances:
[[Image here]]
[List all furniture and appliances. If none, write “none.”] (In the Lease the property leased, including furniture and appliances, if any, is called “the Premises.”)
III. COMMON AREAS. Landlord grants to Tenant permission to use, during the Lease Term, along with others, the ' common areas of the building and the development of which the Premises are a part.
IV. RENT PAYMENTS AND CHARGES. Tenant shall pay rent for the Premises in installments of $_each on the _ day of each _ [month, *513 week] (Aa “Rental Installment Period,” as used in the Lease, shall be a month if rent is paid monthly, and a week if rent is paid weekly.) Tenant shall pay with each rent payment all taxes imposed on the rent by taxing authorities. The amount of taxes payable on the beginning date of the Lease is $_ for each installment. The amount of each installment of rent plus taxes (“the Lease Payment”), as of the date the Lease begins, is $_Land-lord will notify Tenant if the amount of the tax changes. Tenant shall pay the rent and all other charges required to be paid under the Lease by cash, valid check, or money order. Landlord may appoint an agent to collect the Lease Payment and to perform Landlord’s obligations.
^TheUnless this box [~] is checked, the Lease Payments must be paid in advance/in arrears (circle one) beginning _[date].
If the tenancy starts on a day other than the first day of the month or week as designated above, the rent shall be prorated from __ (date) through .. (date) in the amount of $ and shall be due on.. (date) (If rent paid monthly, prorate on a 30 day month.)
V. DEPOSITS, ADVANCE RENT, AND LATE CHARGES. In addition to the Lease Payments described above, Tenant shall pay the following: (check only those items that apply)
_ a security deposit of $_ to be paid upon signing the Lease.
_ advance rent in the amount of $_ for the Rental Installment Periods of to be paid upon signing the Lease.
_ a pet deposit in the amount of $_to be paid upon signing the Lease.
_ a late charge in the amount of $_for each Lease Payment
made more than _number of days after the date it is due.
a bad check fee in the amount of $_(not to exceed $20.00, or 5% of the Lease Payment, whichever is greater) if Tenant makes any Lease Payment with a bad check. If Tenant makes any Lease Payment with a bad check, Landlord can require Tenant to pay all future Lease Payments in cash or by money order.
Other:
[[Image here]]
Other:
[[Image here]]
VI. SECURITY DEPOSITS AND ADVANCE RENT. If Tenant has paid a security deposit or advance rent the following provisions apply:
Landlord shall hold the money in a separate interest-bearing or non-interest-bearing account in a Florida banking institution for the benefit of Tenant. If Landlord deposits the money in an interest-bearing account, Landlord must pay Tenant interest of at least 75% of the annualized average interest paid by the bank or 5% per year simple interest, whichever Landlord chooses. Landlord cannot mix such money with any other funds of Landlord or pledge, mortgage, or make any other use of such money until the money is actually due to Landlord; or
Landlord must post a surety bond in the manner allowed by law. If Landlord posts the bond, Landlord shall pay Tenant 5% interest per year.
At the end of the Lease, Landlord will pay Tenant, or credit against rent, the interest due to Tenant. No interest will be due Tenant if Tenant wrongfully terminates the Lease before the end of the Lease Term.
*514 If Landlord rents 5 or more dwelling units, then within 30 days of Tenant’s payment of the advance rent or any security deposit, Landlord must notify Tenant in writing of the manner in which Landlord is holding such money, the interest rate, if any, that Tenant will receive, and when such payments will be made.
VII. NOTICES.
_[name] is Landlord’s Agent. All notices to Landlord and all Lease Payments must be sent to Landlord’s Agent at _[address], unless Landlord gives Tenant written notice of a change. Landlord’s Agent may perform inspections on behalf of Landlord, subject to Article XII below. All notices to Landlord shall be given by certified mail, return receipt requested, or by hand delivery to Landlord or Landlord’s Agent.
Any notice to Tenant shall be given by certified mail, return receipt requested, or delivered to Tenant at the Premises. If Tenant is absent from the Premises, a notice to Tenant may be given by leaving a copy of the notice at the Premises.
VIII. USE OF PREMISES. Tenant shall use the Premises only for residential purposes. Tenant also shall obey, and require anyone on the Premises to obey, all laws and any restrictions that apply to the Premises. Landlord will give Tenant notice of any restrictions that apply to the Premises.
If the Premises are located in a condominium or cooperative development, the Lease and Tenant’s rights under it, including as to the common areas, are subject to all terms of the governing documents for the project, including, without limitation, any Declaration of Condominium or proprietary lease, and any restrictions, rules, and regulations now existing or hereafter adopted, amended, or repealed.
Unless this box is checked, Landlord may/may not (circle-one-) adopt, modify, or repeal rules and regulations for the use of common areas and conduct on the Premises during the Lease Term. If adoption, modification-or repeal of-additional All rules and regulations is-not-permitted, they must be reasonable and in the best interest of the development in which the Premises are located.
Occasional overnight guests are/are -not (circle one) permitted. An occasional overnight guest is one who does not stay more than _ nights in any calendar month (If left blank, 7). Landlord’s writ-
[[Image here]]
to allow anyone else to occupy the Premises.
Unless this box |~~] is checked or a pet deposit has been paid, Tenant may/may not (circle-one) keep or allow pets or animals on the Premises without Landlord’s approval of the pet or animal in writing.
Unless this box [~] is checked, no smoking is permitted in the Premises.
Tenant shall not keep any dangerous or flammable items that might increase the danger of fire or damage on the Premises without Landlord’s consent.
Tenant shall not create any environmental hazards on or about the Premises.
Tenant shall not destroy, deface, damage, impair, or remove any part of the Premises belonging to Landlord, nor permit any person to do so.
Tenant may/may not (circle-one)-make any alterations or improvements to the Premises without first obtaining Landlord’s written consent to the alteration or improvement. However, unless this box f~| ⅛ checked, Tenant may hang pictures and install window treatments in the Premises without Landlord’s consent, provided Tenant removes all such items *515 before the end of the Lease Term and repairs all damage resulting from the removal.
Tenant must act, and require all other persons on the Premises to act, in a manner that does not unreasonably disturb any neighbors or constitute a breach of the peace.
IX. MAINTENANCE. Landlord and Tenant agree that the maintenance of the Premises must be performed by the person indicated below:
Landlord’s Required Maintenance. Landlord will comply with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall maintain and repair the roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keep the plumbing in reasonable working order. If the Premises are located in a condominium, Landlord and Tenant acknowledge that the maintenance of the structural elements and common areas is performed by the condominium association as part of the common area maintenance. Landlord shall assure that the association complies with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall assure that the association maintains and repairs roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keeps the plumbing in reasonable working order. Landlord will be responsible for the maintenance of any items listed above for which the association is not responsible.
Elective Maintenance. Fill in each blank space in this section with Landlord or Tenant to show who will take care of the item noted. If a space is left blank, Landlord will be required to take care of that item (or assure that the association takes care of the items if the Premises are located in a condominium).
_ Smoke detectors
- Extermination of rats, mice, roaches, ants, wood-destroying organisms, and bedbugs
_ Locks and keys
_ Clean and safe condition of outside areas
- Garbage removal and outside garbage receptacles
- Running water
_ Hot Water
_ Lawn
_ Heat
_ Air conditioning
_ Furniture
_ Appliances
_ Fixtures
- Pool (including filters, machinery, and equipment)
- Heating and air conditioning filters
_ Other: _
Tenant’s responsibility, if any, indicated above, shall /-shall not (circle one) include major maintenance or major replacement of equipment.
Landlord shall be responsible for major maintenance or major replacement of equipment, except for equipment for which Tenant has accepted responsibility for major maintenance or major replacement in the previous paragraph.
Major maintenance or major replacement means a repair or replacement that costs more than $-
Tenant shall be required to vacate the Premises on 7 days’ written notice, if necessary, for extermination pursuant to this subparagraph. When vacation of the *516 Premises is required for extermination, Landlord shall not be liable for damages but shall abate the rent.
Nothing in this section makes Landlord responsible for any condition created or caused by the negligent or wrongful act or omission of Tenant, any member of Tenant’s family, or any other person on the Premises with Tenant’s consent.
Tenant’s Required Maintenance. At all times during the Lease Term, Tenant shall:
comply with all obligations imposed upon tenants by applicable provisions of building, housing, and health codes;
keep the Premises clean and sanitary;
remove all garbage from the dwelling unit in a clean and sanitary manner;
keep all plumbing fixtures in the dwelling unit clean, sanitary, and in repair; and
use and operate in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators.
X. UTILITIES. Tenant shall pay all charges for hook-up, connection, and deposit for providing all utilities and utility services to the Premises during this lease the_Lease_Term ex-cept_, which Landlord agrees to provide at Landlord’s expense. (Specify any utilities to be provided and paid for by Landlord such as water, sewer, oil, gas, electricity, telephone, garbage removal, etc.).
XL SERVICEMEMBER.
If Tenant is a member of the United States Armed Forces on active duty or state active duty or a member of the Florida National Guard or United States Reserve Forces, the Tenant has rights to terminate the Lease as provided in Section 83.682, Florida Statutes, the provisions of which can be found in the attachment to this Lease.
XII.XL LANDLORD’S ACCESS TO PREMISES. Landlord or Landlord’s Agent may enter the Premises in the following circumstances:
At any time for the protection or preservation of the Premises.
After reasonable notice to Tenant at reasonable times for the purpose of repairing the Premises.
To inspect the Premises; make necessary or agreed-upon repairs, decorations, alterations, or improvements; supply agreed services; or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors under any of the following circumstances:
■with Tenant’s consent;
in case of emergency;
when Tenant unreasonably withholds consent; or
if Tenant is absent from the Premises for a period of at least one-half a Rental Installment Period. (If the rent is current and Tenant notifies Landlord of an intended absence, then Landlord may enter only with Tenant’s consent or for the protection or preservation of the Premises.)
XIII.XIL PROHIBITED ACTS BY LANDLORD. Landlord is prohibited from taking certain actions as described in Section 83.67, Florida Statutes, the provisions of which can be found in the attachment to this Lease.
A, — Landlord ■ cannot-eause, directly or indirectly» the termination-or unreasonable interruption of ■ any — utility sendee furnished to Tenant»' including — but not limited to, water» heat»-light, electricity, gas» elevator» — garbage ■ collection,--or--refrigeration (whether or not the-utility-aervice is under *517 the control of, or payments — made--by,' Landlord).
& — Landlord- cannot prevent Tenant’s access to the Premises-by-any' means, including, — but-not-l-imitod to, changing the locks or usmg-any bootlock or similar de-
[[Image here]]
—Landlord- cannot remove the outside doors, locks, roof» walls,.or-windows of the Premises except for purposes of maintenance^-repair-,---or replacement. — Landlord cannot remove-Tenant’s-perso-nal-property from — the Premises unless — the-action is taken after-surrender, abandonment,-or a lawful eviction. — If provided in a written agreement separate from-the Lease, upon surrender — or- ■ abandonment.by- Tenant, Landlord shall not be liable or responsible for-storage or disposition-of- Tenant’s personal-property.- (For the pu-r-poses-of this sec-tionj-abandonment means -Tenant is absent from the Premises ■ for at least one-half a Rental-installment Period without paying rent or giving Landlord reasonable netice-of-Tenant’s absence;)
XIV.XHL CASUALTY DAMAGE. If the Premises are damaged or destroyed other than by wrongful or negligent acts of Tenant or persons on the Premises with Tenant’s consent, so that the use of the Premises is substantially impaired, Tenant may terminate the Lease within 30 days after the damage or destruction and Tenant will immediately vacate the premises Premises. If Tenant vacates, Tenant is not liable for rent that would have been due after the date of termination. Tenant may vacate the part of the Premises rendered unusable by the damage or destruction, in which case Tenant’s liability for rent shall be reduced by the fair rental value of the part of the Premises that was damaged or destroyed.
XBL — -DEFAULT
A* — Landlord’s Default. — Except as noted — below> -Landlord will — be-in -default if Landlord-fails -to comply-with - -Landlord’s required-maintenance.obligations under SeetioH-IX(A)-or fails to-comply with other mater-ial-provisions of the Lease and such failure continues for more than 7 days after Tenant- delivers a-written notice to Landlord that tells Landlord how Land lo-r-d-has-violated the Lease.
If -Landlord’s failure to comply is due to causes beyond the Landlord’s-control and if- Landlord has mado, and — continues to make, every reasonable effort to correct the problemr-the Lease -may- be altered by the parties, as follows:
L — If Landlord’s -failure — to comply makes the — Premises uninhabitable and Tenant-vacates, Tenant- shall not be liable for rent during the period-the Premises remains uninhabitable.
⅜ — If Landlord’s failure to comply does-not make the Premises uninhabitable a-nd-Tena-nt-continues to-occupy the Prem-isesr-the-rent for the period-of noneompliance--will be reduced by an amount in proportion to the loss of rental- value oaased-by-the noncompliance.
& — Tenant’s ■ Default. — Tenant-will be in default if-any of the following-occur:
L — Tenant fails to pay rent when due and the default continues for 3 days, excluding Sa-tu-rdayj-Sunday, and legal holidays, after-delivery of written-demand by Landlord for payment of the rent or possession of the Premises.
2r. — Tenant-fails to perform--its - obligations- under the Lease;-and the failure is such that Tenant should not be given-an opportunity to correct-it.or the failure occurs within 12 months-of a written warn-in-g-by-Landlord - of a similar failure. — Es-amples of such failures-which-do- not require an opportunity to — correct include, but-are not- limited to,-destruction-,-damage-or-misuse of Landlord’s-or-other-Ten- *518 anLs-property-by- an intentional-act-or-a subsequent-or-continued- unreasonable disturbance.
⅜ — Except as provided above^-Tenan-t ■fails-to-perform-any other obligation-under the Lease and the default continues-for more-than 7 days-after delivery-of-written notice to-Tenant from-Landlord specifying
[[Image here]]
Q-. — Waiver of Default. — If Landlord accepts rent knowing of Tenants default or accepts — performance by Tenant — of—any-provis-ion- of the Lease different-from-the performance required-by-the Lease, or-if Tenant pays-rent- knowing of-Landlord-s default-or accepts-performance by Landlord of any provision of the Lease-different from- the performance-required by the ■Lease — the party — accepting the rent or performance or making -the-payment-sha-ll ■not-have-the right to-termlnate the Lease or to bring a lawsuit-for-that default, but may-enforce any later-default.
XV. REMEDIES-AND-DEFENS-EStDEFAULTS/REMEDIES. Should a party to the Lease fail to fulfill their responsibilities under the Lease or need to determine whether there has been a default of the Lease, refer to Part II, Chapter 83, entitled Florida Residential Landlord and Tenant Act which contains information on defaults and remedies. A copy of the current version of this Act is attached to the Lease.
A= — Tenant’s-Remediesr
L — If Landlord ■has-defaulted-under the-Lease and if Tenant--has-given-Landlord a written -notice-describing the default and Tenant’s intention-to-withhold-rent-if the default is not-corrected-with-in-T-daySy Tenant-may withhold--an.amount-of — rent equal-to-the loss in rental value-caused-by-the default. — If—Tenant’s notice advises Landlord that Tenant intends- to -terminate the-lease-if the default is not cured-within-7 days and the -default-i-s-not-cured-wifhin-the -7— days, Tenant may -terminate the Leaser
⅝ — If Tenant has given the notice referred to in subparagraph (1) - above,-and-if Landlord- has not corrected-the — default within 7 daysrTenant may, in
⅜ — addition to . withholding the applicable-■amount-of — rent, file a lawsuit in county-court to require Landlord to correct-the-default and for damages.
4 — If-Landlord’s default- makes — the Premises uninhabitable,- and if Tenant has given-Landlord a- notice-describing the default-and informing Landlord
5, — that Tenant-intends to terminate the Lease, then if Landlord does not cure the -default-wibhin- the 7-day period,-Tenant-may-terminate the-Lease-at
<⅝ — the end-of-the-7-daysT
⅞ — If Landlord- -violates-the-pro-visions of■ section-X-I-I — Landlord shall be-liable-to Tenant- fox- actual-and-consequential damages-or S-months-ren-L-whiehever is greater, for-each-violation
B= — Landlord’s-Remediesr
⅛ — I-f-Tenan-t remains on the Premises after expiration-or-ter-mination of the ■Lease — without—La-nd-loi-d-s—permission,-■Landlord may recover possession-of-the Premises in the manner provided-for-by law..Land-lord~-a-lso — may—recover double rent-for-the period- during-which — Tenant refuses-tovacate-the-PremlseSr
⅜ — If—Tenant—defaults—under—the Lease by failing to pay rent, -as-set-for-th-in section — XIV(B)(1), Landlord — may—tei-mi-■nate-Tenanbs-rigbts under the Lease-and Tenant-shall vacate the Premises-immediately. — If Tenant-defaults-under the Lease ■for-any-other reason, as set-forth-in-sections XIV(B)(2) ■ or.(3).above — Landlord may terminate -Tenants-rights under the Lease-and-Tenant-shall vacate the Premis *519 es within 7 days of delivery of the not-iee-of termination.
& — If-Tenant-fails- to ■ cure a default within-the-time specified in the notice to Tenant, Landlord may recover possession of-the-Premises as provided by law.
4 — Landlord-shall-not-recover posses-sio-n-of-fhe-Premises-except:
Sr. — in a lawsuit for possession;-
⅛ — when—Tenant has surrendered possession-of — the-Premises to Landlord; or
S-. — when Tenant-has-abandoned the Premises. — Absent—actual-- knowledge of abandonment, the-Premises shall be considered-abandoned if Tenant is absent from them-for-at -least one-half a Rental ■Installment Period-the-rent is not current, and-Tenant has not notified-Landlord, in writing,- -of an intended absence.
& — If Tenant-has-defaulted under the ■Lease and Landlord-ha-s-obtained a writ of possession, if Tenant has surrendered possession of the Premises- to Landlord, or if Tenant — has—abandoned—the—Premises,Landlord may:
Sr. — treat the Lease as-terminated, retake possession for Landlord’s own ac-eountj-and any further-liability of Tenant wlll-be ended;
⅛ — retake possession of the Premises for T-enan-fe-account. — Tenant-will remain liable for the-difference between-rent agreed to be paid-under the Lease and rent Landlord-is-able to recover in good faith-from a new tenant;- or
⅛ — do nothing — and- Tenant will be 1-iable-for-the rent as it comes duo.
& — If-Landlord retakes-pos-session of the-Premises for Tenant’s account, Landlord must-make a good faith-effort-to release the -Premises. — Any rent -received by Landlord as a result-of-the new lease shall be deducted-from the rent due from Tenant, — For purposes-of-this section^-good faith” in-trying to re-lease-the ■ Premises means that-Landlord shall use-at-least the same - efforts to re-lease the Premises-as were-used in the initial-rental or at least the-same efforts as-Landlord uses in attempting-to-lease.other similar property. It does -not-require Landlord — to-give a preference in leasing — the Premises -over other---vacant properties — that—Landlord owns- or has the-responsibility to rent.
Q-. — Other Remedies. — Each party also may have other remedies available at law or in equity.
ft — Defenses. -I-n-a- -lawsuit-by-Landlord for-possession of the Premises-based upon ■nonpayment of rent-or in a lawsuit by Landlord- seeking -to-obtain unpaid rent, Tenant may- assert as a defense-Landlord’s failure to-perform required — maintenance, as — set—forth in — gestión--111(A)—above. Landlord’s -failure to provide -elective maintenance, -as.set -forth in Section VIII(B) above, shall-not be a defense-to-any lawsuit by Landlord-for possession of-the Premises unless-otherwise provided-by-the Lease or — applicable law. — Tenant may also raise any-other-defense, whether legal or equitable;--that Tenant may- have, including the defense or retaliatory-conduct.
3L — Payment of-Rent-to- Court. — In-a-ny ftws-uit-by Landlord for possession of the Premises-if Tenant raises any-defense-other than paymenb-Tenant must pay into the regis-try-of-the court the past-due-rent-set for-th — in—Landlord’s—complaint,—or—an amount determined -by the eou-rV-and-the rent whic-h-comes-due- during the lawsuit, as it comes due. — Failure of Tenant to pay the rent i-nto-the-registry of the court will be a waiver -of Tenant’s defenses-other than payment.
ft — Attorney’s—Fees.—In any lawsuit brought to enforce — the—Lease-or under applicable — law—the-party who vans may *520 recover its-raasonable court- costs and-attorneys’ fees -from the party who loses.
XYI. ASSIGNMENT AND SUBLEASING. Unless this box f~| is checked, Tenant may/may not (circle-one) assign the Lease or sublease all or any part of the Premises without first obtaining Landlord’s written approval and consent to the assignment or sublease.
XVII. RISK OF LOSS. Subject to the next sentence, Landlord shall/shall not (circle one) be liable for any loss by reason of damage, theft, or otherwise to the contents, belongings, and personal effects of the Tenant, or Tenant’s family, agente? employees, guests? or visitors located in or about the Premises, or for damage or injury to Tenant or TenanRs-family, agents, employees, guests, or visitors. Landlord shall not be liable if such damage, theft, or loss is caused by Tenant, Tenant’s family, agents, employees, guests, or visitors. Nothing contained in this provision shall relieve Landlord or Tenant from responsibility for loss, damage, or injury caused by its own negligence or willful conduct.
XVIII. SUBORDINATION. The Lease is automatically subordinate to the lien of any mortgage encumbering the fee title to the Premises from time to time.
XIX. LIENS. Tenant shall not have-the right or authority-to-encumber the Premises--or--to-permit-any person to claim or assert-any lien for the - improvement or repair of-the-Premises made byThe interest of the Landlord shall not be subject to liens for improvements by the Tenant as provided in Section 713.10, Florida Statutes. Tenant shall notify all parties performing work on the Premises at Tenant’s request that the Lease does not allow any liens to attach to Landlord’s interest.
XX. APPROVAL CONTINGENCY. Tfaelf applicable, the Lease is/is- not-(circle one) conditioned upon approval of Tenant by the association that governs the Premises. Any application fee required by an association shall be paid by |~~] Landlord |~~| Tenant. If such approval is not obtained prior to commencement of Lease Term, either party may terminate the Lease by written notice to the other given at any time prior to approval by the association, and if the Lease is terminated, Tenant shall receive return of deposits specified in Article V, if made. If the Lease is not terminated, rent shall abate until the approval is obtained from the association. Tenant agrees to use due diligence in applying for association approval and to comply with the requirements for obtaining approval. |~~] Landlord |~| Tenant shall pay the security deposit required by the association, if applicable.
XXI. RENEWAL/EXTENSION. The Lease can be renewed or extended only by a written agreement signed by both Landlord and Tenant, but in no renewal may extend the term -to-a-date more than 1 year after the-lease-beg-insevent may the total Lease Term exceed one year. A new lease is required for each year.
XXII. LEAD-BASED PAINT. n Check and complete if the dwelling was built before January 1,1978. Lead Warning Statement (when used in this article, the term Lessor refers to Landlord and the term Lessee refers to Tenant).
Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, Lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.
Lessor’s Disclosure (initial)
*521 _ (a) Presence of lead-based paint or lead-based paint hazards (check (i) or (ii) below):
(i) . .. Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).
[[Image here]]
(ii) Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.
_ (b) Records and reports available to the Lessor (check (i) or (ii) below):
(i) Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).
[[Image here]]
(ii) .. Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.
Lessee’s Acknowledgment (initial)
_ (c) Lessee has received copies of all information listed above.
_ (d) Lessee has received the pamphlet Protect Your Family From Lead in Your Home.
Agent’s Acknowledgment (initial)
- Agent has informed the Lessor of the Lessor’s obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.
Certification of Accuracy
The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.
[[Image here]]
Lessor’s signature Date
[[Image here]]
Lessee’s signature Date
[[Image here]]
Agent’s signature Date
[[Image here]]
Lessor’s Signature Date
[[Image here]]
Lessee’s signature Date
[[Image here]]
Agent’s signature Date
XXIII. ATTORNEYS’ FEES. In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a .judgment or decree has been rendered may recover its reasonable court costs, including attorneys’ fees, from the nonprevailing party.
XXIV.XXH» MISCELLANEOUS.
Time is of the essence of the performance of each party’s obligations under the Lease.
The Lease shall be binding upon and for the benefit of the heirs, personal representatives, successors, and permitted assigns of Landlord and Tenant, subject to the requirements specifically mentioned in the Lease. Whenever used, the singular number shall include the plural or singular and the use of any gender shall include all appropriate genders.
The agreements contained in the Lease set forth the complete understanding of the parties and may not be changed or terminated orally.
No agreement to accept surrender of the Premises from Tenant will be valid unless in writing and signed by Landlord.
All questions concerning the meaning, execution, construction, effect, validity, and *522 enforcement of the Lease shall be determined pursuant to the laws of Florida.
The place for filing any suits or other proceedings with respect to the Lease shall be the county in which the Premises is located.
Landlord and Tenant will use good faith in performing their obligations under the Lease.
As required by law, Landlord makes the following disclosure: “RADON GAS.” Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county public health unithealth department.
XXV. TENANT’S PERSONAL PROPERTY. TENANT MUST INITIAL IN THIS BOX |~| FOR THE FOLLOWING PROVISION TO APPLY. BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT’S PERSONAL PROPERTY.
The Lease has been executed by the parties on the dates indicated belown-Exe-cuted-by — Landlord in the presence of:.
Executed-by — Landlord—in-the-presenee ofi
*523 [[Image here]]
This form was completed with the assistance of:
Namet-of Individual:_
Name of Business:_
Address:_
Telephone Number:_
Copy of Current Version of Florida Residential Landlord and Tenant Act,
Part II, Chapter 83, Florida Statutes to Be Attached
EARLY TERMINATION FEE/LIQUIDATED DAMAGES ADDENDUM
[....] I agree, as provided in the rental agreement, to pay $ , (an amount that does not exceed 2 months’ rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.
*524 [....] I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Landlord’s Signature
[[Image here]]
Date
[[Image here]]
Tenant’s Signature
[[Image here]]
Date
[[Image here]]
Tenant’s Signature
[[Image here]]
Date
*525 FORM 1 -^NOTICE FROM LANDLORD TO TENANT — TERMINATION FOR FAILURE TO PAY RENT 2
FORM 2 -^.NOTICE FROM LANDLORD TO TENANT-TERMINATION FOR - NOTICE OF NONCOMPLIANCE FOR MATTERS OTHER THAN FAILURE TO PAY RENT 4
FORM 3 — NOTICE FROM TENANT TO LANDLORD — .^TERMINATION FOR FAILURE OF LANDLORD TO MAINTAIN PREMISES AS REQUIRED BY FLORIDA STATUTE 83.51(1) OR MATERIAL PROVISIONS OF THE RENTAL AGREEMENT 6
FORM 4 -^NOTICE FROM TENANT TO LANDLORD-WITHHOLDING RENT FOR FAILURE OF LANDLORD TO MAINTAIN PREMISES AS REQUIRED BY FLORIDA STATUTE 83.51 (1) OR MATERIAL PROVISIONS OF THE RENTAL AGREEMENT 89
FORM 5 -^COMPLAINT FOR LANDLORD TO EVICT TENANTS-FQR FAILURE TO-PAY RENT AND TO RECOVER PAST DUE RENT-----loa
FORM 5A - COMPLAINT FOR LANDLORD TO EVICT TENANTS FOR FAILURE OTTO PAY RENT AND TO RECOVER PAST DUE RENT 4©U
FORM 6 —^COMPLAINT FOR LANDLORD TO EVICT TENANTS FOR FAILURE TO COMPLY WITH LEASSRE.NTAL AGREEMENT (OTHER THAN FAILURE TO PAY RF.NT1 igló
FORM 7- SUMMONS-EVICTION CLAIM ⅜⅞§
FORM 8 -^SUMMONS — DAMAGES CLAIM 2021
FORM 9 —FINAL JUDGMENT —DAMAGES 2323
FORM 66 -^FINAL JUDGMENT — EVICTION 2425
FORM 11 — WRIT OF POSSESSION 2427
FORM 12 — NOTICE OF INTENTION TO IMPOSE CLAIM ON SECURITY DEPOSIT 2829
FORM 13 — SATISFACTION OF JUDGMENT - COUNTY COURT 303!
FORM 14 — SATISFACTION OF JUDGMENT — CIRCUIT COURT 3233
FORM 76 - MOTION FOR CLERK'S DEFAULT - RESIDENTIAL EVICTION_3S
FORM 77 — MOTION FOR CLERK’S DEFAULT — DAMAGES (RESIDENT! AI. EVICTION-34]_35
FORM 78 -^.MOTION FOR CLERK'S DEFAULT -DAMAGES FINAL JUDGMENT fRESIDENTIAL EVICTION) 3435
FORM 79 -^MOTION FOR DEFAULT FINAL JUDGMENT - DAMAGES (RESIDENTIAL EVICTION) 3435
FORM 80 -MOTION FOR-DEFAULT FINAL JUDGMENT- DAMAGES (RESIDENTIALE4TGT-ION) 34
FORM 81- ^AFFIDAVIT OF DAMAGES 35
FORM 81--NONMILITARY .AFFIDAVIT 3435
FORM 1 — NOTICE FROM LANDLORD TO TENANT — TERMINATION FOR FAILURE TO PAY RENT
This notice may be delivered by mail or by delivering a copy to the propertydwelling unit, or, if the Tenant is absent from the dwelling unit, by leaving a copy thereof at the dwelling unit.
This notice must be delivered, and the three day-time-period must run, before star-ting-suit to evict the Tenant or to recover past-due-rent,
If the Tenant fails to pay rent when due and the default continues for three (3) days (excluding Saturday, Sunday, and legal holidays) after delivery of written demand by the Landlord for payment of the rent or possession of the premises, the Landlord may terminate the rental agreement. This written demand is a *526 prerequisite to an action to evict the Tenant or recover past due rent. Your written rental agreement may have allowed for a longer period than three days and should be reviewed.
SOURCE: Section 83.56(3) and (4), Florida Statutes (19952007).
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
To: _
Tenant’s Name
[[Image here]]
Address
[[Image here]]
City, State, Zip Code
From: _
Date: _
You are hereby notified that you are indebted to me in the sum of $ _ [insert amount owed by Tenant] for the rent and use of the premises located at_, Florida [insert address of leased premises, including county]-F-loi-ida, now occupied by you and that I demand payment of the rent or possession of the premises within three days (excluding Saturday, Sunday and legal holidays) from the date of delivery of this notice to-wit: on or before the_day of_, 4920_[insert the date which is three days from the delivery of this notice, excluding the date of delivery, Saturday, Sunday and legal holidays].
[[Image here]]
Signature
[[Image here]]
Name of Landlord/Property Manager [circle one]
[[Image here]]
Address [street address where Tenant can deliver rent]
[[Image here]]
City, State, Zip Code
[[Image here]]
Phone Number
Hand Delivered On Posted On
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993-
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 2-NOTICE FROM LANDLORD TO TENANT- -TERMINATION FOR — NOTICE OF NONCOMPLIANCE FOR MATTER OTHER THAN FAILURE TO PAY RENT
Lease-violations-v^hich entitle the Landlord-to-send this Notice include-having or permitting unauthorized petsr unauthorized guests, or — unauthorized vehicles;--parking — in-an-unauthorized manner-oi-permitting such parking;-failing-to-keep-the premises clean and-sanitary; or other- -activities-noUpci-mitted-by-the lease.
Violations of a rental agreement which may entitle the Landlord to send this Notice include, the material failure of Tenant to comply with its statutory obligations to maintain the dwelling unit under Florida Statute 83.52 or material provisions of the rental agreement (other than the failure to pay rent), or reasonable rules and regulations. For the notice necessary to terminate the rental agreement under circumstances where the Tenant must be given the opportuni *527 ty to remedy the violation, see Florida Statutes 83.56(2)(b).
Under some situations, such as the Tenant’s intentional destruction of property of the Landlord or other Tenants, the Landlord may be able to terminate the leaserental agreement without giving the Tenant an opportunity to remedydhe violation. For the notice necessary to terminate the leaserental agreement under these circumstances, see Florida Statute gg£283.56(2)(a).
The delivery of this written notice may be by mailing or delivery ofdelivering a true copy to the premisesdwelling unit, or, if the Tenant is absent from the premises^ welling unit, by leaving a copy of the notice at the premisesdwelling unit.
This written notice must be delivered, and the seven day time period must run, prior to any termination of the leaserental agreement or any lawsuit for eviction.
SOURCESection Sections 83.52 (2)(-b)? and 83.56 Florida Statute (1995Statutes (2007).
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
To: _
Tenant’s Name
[[Image here]]
Address
[[Image here]]
City, State, Zip Code
From: _
Date: _
You are hereby notified that you are not complying with your leaserental agreement in that_ [insert noncompliance, default or violation]. Demand is hereby made that you remedy the noncompliance, default or violation within seven days of receipt of this notice or your leaserental agreement shall be deemed terminated and you shall vacate the premises upon such termination. If this same conduct or conduct of a similar nature is repeated within twelve months, your tenancy is subject to termination without your being given an opportunity to cure the noncompliance, default or violation.
[[Image here]]
Landlord’s Name
Address _
[[Image here]]
Phone Number_
Approved for use under rule 10-2.1 (a) of the Rules Regulating The Florida Bar
The Florida Bar 1903 _
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 3-NOTICE FROM TENANT TO LANDLORD-TERMINATION FOR FAILURE OF LANDLORD TO MAINTAIN PREMISES AS REQUIRED BY FLORIDA STATUTE 83.51(1) OR MATERIAL PROVISIONS OF THE RENTAL AGREEMENT
Tenant should carefully review Section Sections 83.51(1) and 83.51(2) Florida Statutes and the leaserental agreement and should ensure that the violations by the Landlord alleged by the Tenant in the notice do, in fact, exist. The Tenant’s right to terminate the leaserental agreement exists only after giving the notice and if the Landlord materially — fails to makemaintain the premises as required *528 rcpairs.by section 83.51 or material provision of the rental agreement. Section 83.51(1) provides as follows:
83.51 Landlord’s obligation to maintain premises.
(1) The Landlord at all times during the tenancy shall:
(a) Comply with the requirements of applicable building, housing, and health codes; or
(b) Where there are no applicable building, housing, or health codes, maintain the roofs, windows, screens, doors, floors, steps, porches, exterior walls, foundations, and all other structural components in good repair and capable of resisting normal forces and loads and the plumbing in reasonable working condition. However, the Landlord shall not be required to maintain a mobile home or other structure owned by the Tenant.
The Landlord’s obligations under this subsection may be modified by the lease in the case of a single-family home or duplex.
(2) (a) Unless otherwise agreed in writing, in addition to the requirements of subsection (1), the landlord of a dwelling unit other than a single-family home or duplex shall, at all times during the tenancy, make reasonable provisions for:
1.The extermination of rats, mice, roaches, ants, wood-destroying organisms, and bedbugs. When vacation of the premises is required for such extermination, the landlord shall not be liable for damages but shall abate the rent. The tenant shall be required to temporarily vacate the premises for a period of time not to exceed 4 days, on 7 days’ written notice, if necessary, for extermination pursuant to this subpar-agraph.
2. Locks and keys.
3. The clean and safe condition of common areas.
4. Garbage removal and outside receptacles therefor.
5. Functioning facilities for heat during winter, running water, and hot water.
(b) Unless otherwise agreed in writing, at the commencement of the tenancy of a single-family home or duplex, the landlord shall install working smoke detection devices. As used in this paragraph, the term “smoke detection device” means an electrical or battery-operated device which detects visible or invisible particles of combustion and which is listed by Underwriters Laboratories, Inc., Factory Mutual Laboratories, Inc., or any other nationally recognized testing laboratory using nationally accepted testing standards.
(c) Nothing in this part authorizes the tenant to raise a noncompliance by the landlord with this subsection as a defense to an action for possession under s. 83.59.
(d) This subsection shall not apply to a mobile home owned by a tenant.
(e) Nothing contained in this subsection prohibits the landlord from providing in the rental agreement that the tenant is obligated to pay costs or charges for garbage removal, water, fuel, or utilities.
(3)If the duty imposed by subsection (1) is the same or greater *529 than any duty imposed by subsection (2), the landlord’s duty is determined by subsection (1).
(4) The landlord is not responsible to the tenant under this section for conditions created or caused by the negligent or wrongful act or omission of the tenant, a member of the tenant’s family, or other person on the premises with the tenant’s consent.
SOURCE: Section 83.46,83.56, Florida Statutes (49952007).
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
To: _
Landlord’s Name (or Landlord’s authorized representative, resident manager, or the person who collects the rent from the Landlord)
[[Image here]]
Address
[[Image here]]
City, State, Zip Code
From:_
Date:_
Re: Seven Day Notice of Noncompliance to Landlord
This is to inform you that you are not maintaining my apartmentdwelling unit as required by Florida Statute 83.51(1) and our leaserental agreement. If you do not complete the following repairs, non-compliance, violations, or default in the next seven days, I wiilintend to terminate the leaserental agreement, move out, and hold you responsible for any damages resulting from the termination:
[list Landlord’s violations, noncompliance, or default]
[[Image here]]
Tenant’s Name_
Address, Unit Number
[[Image here]]
Phone Number_
Approved for use under rule 10-2.1 (a) of the Rules Regulating The Florida Bar The Florida Bar 4993
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 4-NOTICE FROM TENANT TO LANDLORD-WITHHOLDING RENT FOR FAILURE OF LANDLORD TO MAINTAIN PREMISES AS REQUIRED BY FLORIDA STATUTE 83.51(1) OR MATERIAL PROVISIONS OF THE RENTAL AGREEMENT
A Tenant cannot withhold rent from the Landlord without sending notice and allowing the Landlord time to make repairs, If-the-repairs are not made the Tenant may withhold-rentcure the non-compliance, violation, or default of its obligations. Failure to send the required notice to the Landlord has significant impact on a Tenant’s rights under the rental agreement and Florida Statutes. If the non-compliance is not remedied within the time period specified by statute (or such longer time as may be granted in your written rental agreement) and the Landlord’s failure to comply renders the dwelling unit unten-antable and the Tenant vacates, the Tenant may vacate and withhold all rent, or, if the failure to comply does not render the dwelling unit untenantable, *530 rent may be reduced in proportion to the loss of rental value caused by the noncompliance. If the Landlord's violation of its obligations is not remedied, but the failure to cure the non-compliance does not render the dwelling unit unten-antable, the Tenant may remain in the dwelling unit and the rent shall be reduced, until the violation is cured, by an amount in proportion to the loss of rental value caused by the failure to cure the violation. In any legal proceeding, however, the Tenant will have to pay all past due rent, and rent as it comes due during the legal proceedings, into the registry of the Court. The Tenant should, therefore, deposit all rent as it comes due in a separate bank account until the Tenant’s disputes with the Landlord have been solvetbresolved. For the text of Florida Statute 83.51(1), and the grounds for withholding rent, see the note to Form 3.
SOURCE: Section-83£6, Sections 83.56 and 83.60, Florida Statutes (49852007).
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
To: _
Landlord’s Name
[[Image here]]
Address
[[Image here]]
City, State, Zip Code
From:_
Tenant
Date:_
This is to inform you that you are not maintaining my apartmentdwelling unit as required by Florida Statute 83.51(1) or material provisions of our leaserental agreement. If you do not complete the following repairs, non-compliance, violation or default, within seven days I intend to withhold all future rental paymentspayment and/or terminate the rental agreement:
[list non-compliance violations or default]
This letter is sent to you pursuant to Florida Statute 83.56.
[[Image here]]
Tenant’s Name _
Address, Unit Number
[[Image here]]
Phone Number_
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 5-COMPLAINT FOR LANDLORD TO EVICT TENANTS-EOR FAILURE TO PAY RENT AND T-O RECOVER PAST DUE RENT-
FORM 5A — COMPLAINT FOR LANDLORD TO EVICT TENANTS FOR FAILURE OTTO PAY RENT AND TO RECOVER PAST DUE RENT
Form 5 should be used if only eviction of the TenantsTenant is sought. Form 5A should be used to evict the TenantsTen-ant and recover damages (past due rent).
*531 FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND FOR_
COUNTY, FLORIDA
[insert countyCounty in which rental property is located]
[[Image here]]
[insert name of Landlord] Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
COMPLAINT FOR EVICTION
Plaintiff,_[insert name of Landlord], sues Defendant, _ [insert name of Tenant] and alleges:
1. This is an action to evict a Tenant from real property in _ [insert county in which the rental property is located] County, Florida.
2. Plaintiff owns the following described real property in saidthe County: - [insert legal or street description of rentalthe property including, if applicable, unit number].
3. Defendant has possession of the property under a (oral/written) agreement to pay rent of $_[insert rental amount] payable _ [insert terms of rental payments, i.e., weekly, monthly, etc.]. A copy of the written agreement, if any, is attached as Exhibit “A.”
4. Defendant failed to pay the rent due _, 4820_ [insert date of payment Tenant has failed to make].
5. Plaintiff served Defendant with a notice on_, 4820_ [insert date of notice], to pay the rent or deliver possession but Defendant refuses to do either. A copy of the notice is attached as Exhibit “B.”
WHEREFORE, Plaintiff demands judgment for possession of the property against Defendant.
[[Image here]]
Signature
[[Image here]]
Name of Landlord/Property Manager (circle one)
[[Image here]]
Address
[[Image here]]
City, State, Zip Code Phone Number
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4883
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert countyCounty in which rental property is located]
[[Image here]]
*532 [insert name of Landlord]
Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
COMPLAINT FOR EVICTION AND DAMAGES
Plaintiff,_[insert name of Landlord], sues Defendant, _ [insert name of Tenant] and alleges:
COUNT I
Tenant Eviction
1. This is an action to evict athe Tenant from real property in _ [insert county in which the — rental property is located] County, Florida.
2. Plaintiff owns the following described real property in saidthe County: _ [insert legal or street description of rentalthe property including, if applicable, unit number].
8. Defendant has possession of the real property under a (oral/written) agreement to pay rent of $_[insert rental amount] payable _ [insert terms of rental payments, i.e., weekly, monthly, etc.]. A copy of the written agreement, if any, is attached as Exhibit “A.”
4. Defendant failed to pay the rent due _, 4&20_ [insert date of payment Tenant has failed to make].
5. Plaintiff served Defendant with a notice on_, 4920_[insert date of notice], to pay the rent or deliver possession but Defendant refuses to do either. A copy of the notice is attached as Exhibit “B.”
WHEREFORE, Plaintiff demands judgment for possession of the property against Defendant.
COUNT II
Damages
6. This is an action for damages that do not exceed $40^00,15,000.
7. Plaintiff restates those allegations contained in paragraphs 1 through 5 above.
8. Defendant owes Plaintiff $_ that is due with interest [insert past due rent amount] since_, 4920_[insert date of last rental payment Tenant failed to make].
WHEREFORE, Plaintiff demands judgment for damages against Defendant.
[[Image here]]
Landlord’s Name_
Address, Unit Number
[[Image here]]
Phone Number_
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4998 _
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
*533 FORM 6 — COMPLAINT FOR LANDLORD TO EVICT TENANTS FOR FAILURE TO COMPLY WITH LEASERENTAL AGREEMENT (OTHER THAN FAILURE TO PAY RENT)
Form 6 should be used for eviction of Tenants if the Tenant’s default is something other than failure to pay rent. If damages are sought a separate count, as set forth in Form 5A is necessary.
See Instructions to Form 5 and 5A.
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND FOR_
COUNTY, FLORIDA
[insert oountyCounty in which rental property is located]
[[Image here]]
[insert name of Landlord]
Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
COMPLAINT FOR EVICTION
Plaintiff,_[insert name of Landlord], sues Defendant, _ [insert name of Tenant] and alleges:
1.This is an action to evict a Tenant from real property in_ [insert county in which the rental property is located] County, Florida.
2. Plaintiff owns the following described real property in saidthe County: _ [insert legal or street description of reatalthe property including, if applicable, unit number].
3. Defendant has possession of the property under a (oral/written) agreement t.n pay rent of $ [insert rental-amount]-payable . . [insert terms af-rental payments, -i.e,, weekly, monthly, etc,].. A copy of the written agreement, if any, is attached as Exhibit “A.”
4. Plaintiff served Defendant with a notice on_, 34)20 [insert date of notice] giving written notice to the Defendant that the Defendant was in violation of hisits rental agreement. A copy of saidthe notice, setting forth the violation of the rental agreement, is attached as Exhibit “B”.
5. Defendant has failed to correct or discontinue the conduct set forth in the above-mentioned notice.
WHEREFORE, Plaintiff demands judgment for possession of the property against Defendant.
[[Image here]]
Landlord’s Name_
Address, Unit Number
[[Image here]]
Phone Number_
Approved for use under rule 10-2.1 (a) of the Rules Regulating The Florida Bar
The Florida Bar 4003
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
*534 FORM 7 — SUMMONS-EVICTION CLAIM
If your complamtComplaint is only for eviction of the Tenant, you need to fill out and deliver this form to the Clerk with the complaintComplaint. If your compla-mtComplaint is also for damages, you will need to attach Form 8.
SOURCE: Fla. R. Civ. P. 1.070(49952007); Fla. R. Civ. P. Form 1.923 (19952007)
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND FOR_
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord] Plaintiff, vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
EVICTION SUMMONS-RESIDENTIAL
TO: _ [insert name, address, and phone number of Tenant].
PLEASE READ CAREFULLY You are being sued by _ [insert Landlord’s name] to require you to move out of the place where -you-are livingproperty located at .. for the reasons given in the attached complaint.
You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday or legal holidays) after the date these papers were given to you or to a person who lives with you or were posted at your home.
THE THINGS YOU MUST DO TO CHALLENGE THE EVICTION ARE AS FOLLOWS:
1. Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the Court Clerk at_[insert address of courthouse].
2. Mail or take a copy of your written reason(s) to: _ [insert Landlord’s name and address].
3. Give the Court Clerk the rent that is due. You MUST pay the Clerk the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the Judge may pay this rent to the Landlord. [By statute, public housing tenants or tenants receiving rent subsidies shall be required to deposit only that portion of the full rent for which the tenant is responsible pursuant to federal, state, or local program in which they are participating.]
4. If you and the Landlord do not agree on the amount of rent owed, give the Court Clerk-the money you say you owe, then-before the Trial you must asfeyou must file a written request (motion) which asks the Judge to set-a-hearing — to-decide what amount-should-Jbe given to the — Glerkdecide how much money you must give to the Court Clerk. *535 The written request must be filed with your answer to the Eviction Complaint. A copy of your motion must also be mailed or hand delivered to the plaintiff(s) attorney, or if the PIaintiff(s) has no attorney, to the Plaintiff.
IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 -W-QRKING DAYS (NOT INCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS FOR YOUR COURTHOUSE) YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.
[[Image here]]
THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:
You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.
DATED on the _ day of
_, 4920_
Clerk of the Court
By: -
Deputy Clerk
Clerk’s Address: _
[[Image here]]
Telephone No. _
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar -1993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 8 — SUMMONS-DAMAGES CLAIM
If a lawsuit is filed to evict the Tenant and recover back rent, both summonses, Forms 7 and 88, should be prepared and delivered to the Clerk of the Court at the time of filing the Complaint. If the Complaint seeks only to evict the Tenant, only Form 7 need be prepared and delivered to the Clerk with the Complaint. The summons or summonses should be attached to a copy of the Complaint and, after execution by the Clerk, delivered to the Sheriff or other authorized process server to be served upon the Tenant.
SOURCE: Fla. R. Civ. P. 1.070 (49952007)
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert countyCounty in which rental property is located]
[[Image here]]
[insert name of Landlord] Plaintiff, vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
SUMMONS — ACTION FOR BACK RENT AND DAMAGES
Each Defendant is further required to serve written defenses to the demand for Back-Rentback rent and All-Qther-Dam-agesall other damages to the Premises premises contained in saidthe Complaint upon the above-named _ [insert Land *536 lord’s name] at the above-named address within 20 days after service of this Summons upon the Defendant, exclusive of the day of Service, and to file the original of saidthe written defenses with the Clerk of saidthe Court either before service on _[insert Landlord’s name] or thereafter. If you fail to do so, a default will be entered against the Defendant for the relief demanded in that portion of the Complaint.
WITNESS my hand and seal of saidthe Court this _ day of -, 4920_
(COURT SEAL)
Clerk of the Court
By: -
Deputy Clerk
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 9 — FINAL JUDGMENT-DAMAGES
After the Court enters this Judg-mentjudgment you should obtain a certified copy of the Judgmentjudgment from the Clerk of the Court and record the certified copy in the public records in any county in which the Tenant owns real property. The Clerk of the Small Claims Court can probably provide you with information concerning the collection of the amounts owed you.
A judgment for money (if properly recorded) is a lien upon the real or personal property of the person against whom the judgment is entered for a period of seven ten years. The lien may then be extended for an additional period of seventen years by re-recording a certified copy of the judgment within the ninety-day period proceedingprior to the expiration of the lien, and by simultaneously recording an affidavit with the current address who has a lien as a result of the judgment. The lien may thennot be extended for a-per-i-od that-when added to — the first two seven-year terms, ■■would-not exceedbey-ond twenty years from the date of entry of the judgment, by re-recording a certified copy of-the judgment and simultaneous■ly — recording an affidavit-as previously describedor beyond the point the lien is satisfied, whichever occurs first.
SOURCE: Sections 55.081 and 55.10, Florida Statutes (49952007)
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord] Plaintiff, vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
*537 FINAL JUDGMENT — DAMAGES
THIS ACTION came before the Court upon Plaintiffs Complaint for unpaid rent. On the evidence presented, it is ADJUDGED that Plaintiff, _ [insert Landlord’s name], whose principal address is ... [insert Landlord’s address], recover from Defendant, _ [insert Tenant’s name], whose principal address is [insert Tenant’s address], the sum of $_ with costs in the sum of sum of $_, making a total of $_, that shall bear interest at the rate of 12⅞ a year for which let execution-now- issuelegal rate established pursuant to section 55.03, Florida Statutes, FOR WHICH LET EXECUTION NOW ISSUE.
ORDERED in _[insert city in which the-Court is located] _ [insert county in which — the Court is located] COUNTY, FLORIDA on _, _, 20_
[[Image here]]
(County/Circuit) Judge cc: [insert name of Landlord]
[insert name of Tenant]
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4998_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 66 — FINAL JUDGMENT-EVICTION
No instructions.
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord]
Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
FINAL JUDGMENT-EVICTION
FINAL JUDGMENT — EVICTION
THIS ACTION came before the Court upon Plaintiffs Complaint for evietionEv-iction. On the evidence presented, it is
ADJUDGED that Plaintiff, -[insert Landlord’s name], recover from Defendant, - [insert Tenant’s name], possession of the real property described as follows:
[[Image here]]
[insert legal or street description of rental premises including, if applicable, unit number] and $_ as court costs, for which-Iet-Writs of Possession and Execution now issueFOR WHICH LET WRITS OF POSSESSION AND EXECUTION NOW ISSUE.
ORDERED in _[insert city in which the Court is located] _[insert county in which *538 the Court is located] COUNTY, FLORIDA on_, 4920—
[[Image here]]
County Judge
cc: _
[insert name of Landlord]
[[Image here]]
[insert name of Tenant]
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 14 — WRIT OF POSSESSION
This document should be delivered to the Clerk of the Court after the Court enters the final Judgmentjudgment evicting the Tenant. The Clerk will sign this wi-it-Writ, — After the Clei^-signs-this-WritHt must be delivered to the Sheriff to be served upon the Tenant and who, if necessary, to- forc-iblewill forcibly evict the Tenant after 24 hours from the time of service.
If requested by the Landlord to do so, the Sheriff shall stand by to keep the peace while the Landlord changes the locks and removes personal property from the premises. When such a request is made; the Sheriff may charge a reasonable hourly rate, and the person requesting the Sheriff to stand by to keep the peace shall be responsible for paying the reasonable hourly rate set by the Sheriff.
SOURCE: Section 83J283.62, Florida Statutes (49952007)
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord]
Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
WRIT OF POSSESSION
STATE OF FLORIDA
TO THE SHERIFF OF _[insert county in which rental property is located] COUNTY, FLORIDA:
YOU ARE COMMANDED to remove all persons from the following described property in _ [insert county in which rental property is located] County, Florida: _[insert legal or street description of rental premises including, if applicable, unit number] and to put-[insert Landlord’s name] in possession of it.
DATED this _ day of _, 4920_
(SEAL)
Clerk, County Court
By:-
*539 Deputy Clerk
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 12 — NOTICE OF INTENTION TO IMPOSE CLAIM ON SECURITY DEPOSIT
A Landlord must return a Tenant’s security deposit, together with interest if otherwise required, to the Tenant no more than 15 days after the Tenant leaves the leased property. The Landlord may claim all or a portion of the security deposit only after giving the Tenant written notice, by certified mail to the Tenant’s last known mailing address, of the Landlord’s intention to keep the deposit and the reason for keeping it. The Landlord’s notice must be sent within 30 days of the date Tenant vacates the leased property. If the Landlord does not send the notice within the 4530-day period hethe Landlord cannot keep the security deposit. If the Tenant does not object to the notice within 15 days after receipt of the Landlord’s notice of intention to impose a claim on the deposit, the Landlord may then keep the amount stated in the notice and must send the rest of the deposit to the Tenant within 30 days after the date of the notice.
SOURCE: Section 83.49(3)(a), Florida Statutes (40052007)
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
NOTICE OF INTENTION TO IMPOSE CLAIM ON SECURITY DEPOSIT
To: _
Tenant’s Name
[[Image here]]
Address
[[Image here]]
City, State, Zip Code Date:_
This is a notice of my intention to impose a claim for damage in the amount of $- [insert amount of damages] upon your security deposit due to - [insert damage done to premises or other reason for claiming security deposit]. ItThis notice is sent to you as required by § 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to _ [insert Landlord’s address].
[[Image here]]
Landlord’s Name_
Address, Unit Number
[[Image here]]
Phone Number_
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
*540 FORM 13 — SATISFACTION OF JUDGMENT — COUNTY COURT
Whenever the entire amount due on a judgment, including interest, is paid in full, the holder of a judgment must execute a satisfaction of judgment and record the satisfaction in those counties where a certified copy of the judgment was previously recorded. Failure to do so may lead to a civil action wherein the prevailing party is entitled to recover attorneys’ fees and costs.
SOURCE: Section 55.141 and 701.04 Florida Statutes (40052007)
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental
property is located]
[[Image here]]
Plaintiffis),
vs.
[[Image here]]
Defendant(s).
CASE NO_
SATISFACTION OF JUDGMENT
This document is signed by _, [insert: “individually” or “as agent of Plaintiff corporation”] _ on _, 4920_
Plaintiff, _ [insert: “individually” or “as agent of Plaintiff corporation”], to acknowledge full payment of the judgment signed by the Judge on-, 4920— Plaintiff agrees that Defendant(s) do(es) not owe the Plaintiff any more monies for the judgment.
[[Image here]]
(Witness)
[[Image here]]
(Witness)
[[Image here]]
Acknowledged before me on _ [date], by _ [name], who _is personally known to me _ produced - [document] as identification, and who .... did/_did not take an-oath.
NOTARY PUBLIC-STATE OF FLORIDA
Name: _
Commission No. _
My Commission Expires: _
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
FORM 14 — SATISFACTION OF JUDGMENT — CIRCUIT COURT
Whenever the entire amount due on a judgment, including interest, is paid in full, the holder of a judgment must execute a satisfaction of judgment and record the satisfaction in those counties where a certified copy of the judgment was previously recorded. Failure to do so may lead to a civil action wherein the prevailing party is entitled to recover attorneys’ fees and costs.
SOURCE: Section 55.141 and 701.04 Florida Statutes (49952007)
*541 FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE CIRCUIT COURT OF THE
_JUDICIAL
CIRCUIT,
IN AND FOR_
COUNTY, FLORIDA
[insert county in which rental
property is located]
Plaintiffs),
vs.
Defendant(s) CASE NO_
SATISFACTION OF JUDGMENT
This document is signed by _, [insert: “individually” or “as agent of Plaintiff corporation”] _ on
_, 4920_.
Plaintiff, _
[insert: “individually” or “as agent of Plaintiff corporation”], to acknowledge full payment of the judgment signed by
the Judge on_,
4920_Plaintiff agrees that Defendant(s)
do(es) not owe the Plaintiff any more monies for the judgment.
[[Image here]]
(Witness)
[[Image here]]
(Witness)
[[Image here]]
(Plaintiff)
Acknowledged before me on _ [date], by - [name], who -is personally known to me/_ produced _ [document] as identifícationr-and who_ did/_did not take an oath.
NOTARY PUBLIC-STATE OF FLORIDA
Name: _
Commission No. _
My Commission Expires: _
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
FORM 76 — MOTION FOR CLERK’S DEFAULT — RESIDENTIAL EVICTION
FORM 77 — MOTION FOR CLERK’S DEFAULT — DAMAGES (RESIDENTIAL EVICTION)
FORM 78 — MOTION FOR CLERK’S DEFAULT — DAMAGESFINAL JUDGMENT (RESIDENTIAL EVICTION)
FORM 79 — MOTION FOR DEFAULT FINAL JUDGMENT — DAMAGES (RESIDENTIAL EVICTION)
FORM 80 — MOTION FOR — DEFAULT FINAL JUDGMENT — DAMAGES (RESIDEN-TIALEVICTION)FORM 34 — AFFIDAVIT OF DAMAGES
FORM 81 — NONMILITARY AFFIDAVIT
The Tenant will have five days, after service, to file a written response to a com-plaintComplaint for eviction, and 20 days, after service, to file a written response to a complaint for back rent and damages. If *542 the Tenant fails to file a written response in that time you arethe Landlord is entitled to a judgment by default.
Obtaining the judgment is a two-step process. First, a Clerk’s default should be obtained by delivering to the Clerk of the Court an executed Motion-for Clerk’s Default. Form 76 should be used to obtain a Clerk’s default when the Tenant has failed to respond to an eviction complaint and Form 77 should be used to obtain a Clerk’s default when the Tenant has failed to respond to a complaint for back rent and damages. In order to be entitled to a default, Form 81, Nonmilitary Affidavit, must be filed with the Clerk.
Second, based on the Clerk’s default, a default final judgment should be obtained from the judge handling the case. The default final judgment is obtained by delivering to the Court a Motion for Default Final Judgmentjudgment — Residential Eviction (Form 78) and/or a Motion for Default Final Judgmentjudgment — Damages (Residential Eviction) (Form 79) with an Affidavit of Damages (Form 80). If you-arethe Landlord is seeking a Default Final Judgmentjudgment — Damages (Residential Eviction), a copy of the motion and affidavit must be served on the defen-dantrDefendant. The forms provide a certificate of service to be completed establishing proper service of the motion and affidavit.
FORM NOTES ARE FOR INFORMATIONAL PURPOSES ONLY AND MAY NOT COMPLETELY DESCRIBE REQUIREMENTS OF FLORIDA LAW. YOU SHOULD CONSULT AN ATTORNEY AS NEEDED.
IN THE COUNTY COURT, IN AND FOR_
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord] Plaintiff, vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
MOTION FOR CLERK’S DEFAULT-RESIDENTIAL EVICTION
Plaintiff asks the Clerk to enter a default against _ [name], Defendant, for failing to respond as required by law to plaintiffs compla-intPlaintiffs Complaint for residential eviction.
[[Image here]]
Telephone No. _
DEFAULT — RESIDENTIAL EVICTION
A default is entered in this action against the Defendant for eviction for failure to respond as required by law.
DATE: _
CLERK OF THE COURT
By:-
Deputy Clerk
cc:_
[insert name of Landlord]
[[Image here]]
*543 [insert name and address of Tenant]
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4903_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
IN THE COUNTY COURT, IN AND
FOR_ -
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord] Plaintiff, vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
MOTION FOR CLERK’S DEFAULT-DAMAGES (RESIDENTIAL EVICTION)
Plaintiff asks the Clerk to enter a default against _
[name], Defendant, for failing to respond as required by law to plaintiffPlaintiffs complaintComplaint for damages.
Name: _
Address: _
[[Image here]]
Telephone No.
DEFAULT — DAMAGES A default is entered in this action against the Defendant for damages for failure to respond as required by law.
DATE:_
CLERK OF THE COURT
By:-
Deputy Clerk
cc: _
[insert name of Landlord]
[[Image here]]
[insert name and address of Tenant]
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental
property is located]
[insert name of Landlord] Plaintiff, vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
*544 MOTION FOR DEFAULT FINAL-JUDGMENT — RESIDENTIAL EVICTION
Plaintiff asks the Clerk to enter a default against - [name], Defendant, for failing to respond as required by law to plaintiffPlaintiffs complaintComplaint for damages.
1. Plaintiff filed a complaintComplaint alleging grounds for residential eviction of Defendant.
2. A Default was entered by the Clerk of this Court on_ [date].
WHEREFORE, Plaintiff asks this Court to enter a Final Judgmentjudgment For Residential Eviction against Defendant.
Name: _
Address: _
Telephone No. _
cc:_
[insert name and address of Tenant]
Approved for use under rule 10 — 2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental
property is located]
[[Image here]]
[insert name of Landlord] Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
MOTION FOR DEFAULT FINAL
JUDGMENT — DAMAGES (RESIDENTIAL EVICTION)
Plaintiff asks the Clerk to enter a default -against _
[name], Defendant, for failing to respond as required by law to plaintiffPlaintiffs complaintComplaint for damages.
1. Plaintiff filed a complaintComp-laint for damages against the Defendant.
2. Defendant has failed to timely file an answer and a Default has been entered by the Clerk of this Court on _[date],
3. In support of this Motion, Plaintiff submits the attached Affidavit of Damages.
WHEREFORE, Plaintiff asks this Court to enter a Final Judgmentjudgment against Defendant.
I CERTIFY that I _ mailed, _
telefaxedfaxed and mailed, or_hand
delivered a copy of this motion and attached affidavit to the Defendant at _ [insert address at which Tenant was served and telefaxfax number if sent by telefaxfax].
Name: _
Address: _
[[Image here]]
Telephone No. _
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
*545 This form was completed with the assistance of:
Name:
Address:
Telephone Number:
IN THE COUNTY COURT, IN AND
FOR_
COUNTY, FLORIDA
[insert county in which rental property is located]
[[Image here]]
[insert name of Landlord]
Plaintiff,
vs.
[[Image here]]
[insert name of Tenant]
Defendant.
CASE NO_
[insert case number assigned by Clerk of the Court]
AFFIDAVIT OF DAMAGES STATE OF FLORIDA COUNTY OF
BEFORE ME, the undersigned authority, personally appeared _ [name] who being first duly sworn, saysstates as follows:
1. I am_the Plaintiff or_the Plaintiffs agent (check appropriate response) in this case and am authorized to make this affidavit.
2. This affidavit is based on my own personal knowledge.
3. Defendant has possession of the property which is the subject of this eviction under an agreement to pay rent of $_ [rental amount] per
[week, month,
or other payment period].
4. Defendant has not paid the rent due
since_[date of
payment Tenant has failed to make],
5. Defendant owes Plaintiff
$_[past due rent amount]
as alleged in the Complaint plus interest.
6. Defendant owes Plaintiff
$_ [amount of other dam-
ages] as alleged in the Complaint plus interest.
Name:_
AcknowledgedSworn and subscribed
before me on_
[date], by _
(name), who _is personally known to
me/ _ produced
-[document] as
identification, and who did/ did nnUtaketook an oath.
NOTARY PUBLIC-STATE OF FLORIDA
Name: _
Commission No. _
My Commission Expires: _
I CERTIFY that I _ mailed, _
telefaxedfaxed and mailed, or_hand
delivered a copy of this motion and attached affidavit to the Defendant at _ [insert address at which Tenant was served and telefaxfax number if sent by telefaxfax]. Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:
*546 IN THE COUNTY COURT, IN AND FOR_ COUNTY, FLORIDA
[insert county in which rental property is located]
[insert name of Landlord] Plaintiff,
vs.
[[Image here]]
[insert name of Tenant] Defendant.
CASE NO_
NONMILITARY AFFIDAVIT
On this day personally appeared before me, the undersigned authority, _, who, after being first duly sworn, altyof-perjuryisays:
= ⅛ That-Haiow of my own personal knowledge-that the respondent is not -on-aetive duty in the armed forces of-the-United-StateSr
- & That I have inquired- of — the armed forces of the- United-States and-the-U.S.-Public Health Service to determine whether the-respondent, - -— . . is a member-of-the-ar-med sendees and am — attaching—certificate—stating that the respondent is not-now — in the armed-forGesT
Defendant,
is known by Affiant not to be in the military service or any governmental agency or branch subject to the provisions of the Soldiers’ and Sailors’ Civil Relief Act.
DATED:_
[[Image here]]
Signature of Affiant
Name: _ Address:
[[Image here]]
Telephone No.
and subscribed before me on_
[date], by-
[name], who_is personally known to
me _ produced
_[document] as
identification, and who did did not taketook an oath.
NOTARY PUBLIC-STATE OF FLORIDA
Name: _
Commission No. _
My Commission Expires: _
I CERTIFY that I _ mailed, _
telefaxedfaxed and mailed, or_hand
delivered a copy of this motion and attached affidavit to the Defendant at _ [insert address at which Tenant was served and telef-axfax number if sent by telefax-fax].
Name_
Address_
TelefaxFax No_
Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 4993_
This form was completed with the assistance of:
Name:
Address:
Telephone Number:

. See Fla. Bar re Revisions to Simplified Forms, 774 So.2d 611 (Fla.2000); Fla. Barre Revisions to Simplified Forms, 773 So.2d 1062 (Fla.1998).