# Supreme Court of Florida

———————

No. SC2022-1719

———————

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE.

June 6, 2024

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee filed a report proposing amendments to Florida Rules of Civil Procedure 1.110 (General Rules of Pleading) and 1.820 (Hearing Procedures for Non-Binding Arbitration), and form 1.923 (Eviction Summons/Residential).[1] The Committee also proposes the addition of two new forms, 1.923(b) (Summons Action for Back Rent or Other Damages) and 1.947(b) (Answer—Residential Eviction).

The Florida Bar's Board of Governors unanimously recommends acceptance of the proposed amendments. We published the proposed amendments for comment and received six

---

[1]. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

comments.  The Committee filed a response to the comments, along with a revised proposal.

Having fully considered this matter, we adopt the revised amendments to the Florida Rules of Civil Procedure proposed by the Committee, except for the proposed amendments to rule 1.820(g)(3), which we decline to adopt.  We also make a minor modification to new form 1.947(b).  We explain the reasons for these changes, as well as some of the more significant rule amendments below.

**AMENDMENTS**

First, we amend rule 1.110(d) (Affirmative Defenses) to require a party who asserts an affirmative defense in a pleading to provide a short, plain statement of the ultimate facts that support the avoidance or affirmative defense.

Next, we decline to adopt the Committee's proposal to amend rule 1.820(g)(3) (Completion of the Arbitration Process) to require that an arbitration decision be served on the parties but not filed with the court.  The Committee proposed this change because the move to electronic filing in recent years has made rule 1.820(g)(3)'s requirement to file an arbitrator's decision under seal unworkable, as there is currently no way to shield certain parts of an electronic

case file from review by the presiding judge.[2]  While we agree with the Committee that rule 1.820(g)(3) needs to be amended to better align the rule with existing electronic filing practices, we believe that an arbitrator's decision needs to be filed with the court after the arbitration process has concluded to avoid unnecessary confusion and to ensure that the court can timely act on the decision under rule 1.820(h) if no request for trial de novo is made.

We ask that the Committee revisit this matter and file a new report with a revised proposal to amend rule 1.820(g)(3).  One possible solution may be to simply require arbitrators to use a coversheet when filing their decisions with the court that clearly reminds the presiding judge to not review the decision unless no request for trial de novo is made.  The coversheet would seemingly serve the same purpose as filing a sealed copy of an arbitrator's decision—i.e., prevent the presiding judge from unwittingly reviewing the decision as part of the electronic case file—and its use would seemingly not significantly alter the existing procedures

_____

2.  Under section 44.103(5), Florida Statutes (2023), an arbitrator's "decision [must] not be made known to the judge who may preside over the case unless no request for trial de novo is made . . . ."

- 3 -

under rule 1.820. This approach is offered as a suggestion only and is not intended in any way to limit the Committee's consideration of how best to address this matter.

As to rule 1.820(h), we retitle the subdivision "Notice of Rejection of the Arbitration Decision and Request for Trial" and amend it to clarify the process for rejecting an arbitrator's decision and requesting a trial de novo. Under the amended rule, an arbitration decision will be deemed rejected only if a "notice of rejection of the arbitration decision and request for trial" is filed with the court within 20 days of service of the arbitrator's written decision.

Form 1.923 is now lettered as form 1.923(a), and we replace the form's existing language with the language (with some minor modifications) from Landlord Tenant Form 7 (Eviction Summons-Residential). The amended form clarifies what actions a defendant must take to challenge an eviction. Also, we add new form 1.923(b). The new form is modeled after Landlord Tenant Form 8 (Summons-Action for Back Rent and Damages) and explains that a defendant

must serve written defenses for back rent or other damages alleged in the complaint within 20 days after service of the complaint.[3]

Lastly, we add new form 1.947(b). The new form is an answer defendants may use to respond to an eviction complaint. For added clarity, however, we relocate language instructing defendants that the failure to deposit rent with the clerk may result in a waiver of any defenses from the beginning of the form to the defenses section of the form. This will prevent defendants from having to return to the beginning of the form for instruction on completing the defenses section.

**CONCLUSION**

Accordingly, the Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective on July 1, 2024, at 12:01 a.m.

---

3. We previously approved Landlord Tenant Forms 7 and 8 under Rule Regulating The Florida Bar 10-2.1(a) (Generally; Unlicensed Practice of Law). *In re Revisions to Simplified Forms Pursuant to Rule 10-2.1(A) of Rules Regulating The Florida Bar*, 50 So. 3d 503, 534-35 (Fla. 2010).

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Judson Lee Cohen, Chair, Civil Procedure Rules Committee, Miami Lakes, Florida, Landis V. Curry III, Past Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Rodney G. Romano of Matrix Mediation, LLC, West Palm Beach, Florida; Hon. Michael S. Orfinger, Chair, Supreme Court Committee on Alternative Dispute Resolution Rules and Policy, DeLand, Florida; Kathleen S. McLeroy, Chair, Alternative Dispute Resolution Section of The Florida Bar, Tampa, Florida; Hon. Lisa Allen of the Hillsborough County Court, Tampa, Florida; Kevin S. Rabin, Co-Chair, Florida Housing Umbrella Group, Gainesville, Florida, and Jeffrey S. Hittleman, Co-Chair, Florida Housing Umbrella Group, Plantation, Florida; and Meah Rothman Tell, Tamarac, Florida,

    Responding with comments

# APPENDIX

## RULE 1.110. GENERAL RULES OF PLEADING

**(a)** [No Change]

**(b) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, must state a cause of action and ~~shall~~must contain:

(1)  a short and plain statement of the grounds ~~upon~~ which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it~~,~~;

(2)  a short and plain statement of the ultimate facts showing that the pleader is entitled to relief~~,~~; and

(3)  a demand for judgment for the relief to which the pleader deems ~~himself or herself~~the pleader entitled.

Relief in the alternative or of several different types may be demanded. Every complaint ~~shall~~will be considered to pray for general relief.

**(c) The Answer.** In the answer, a pleader ~~shall~~must state in short and plain terms the pleader's defenses to each claim asserted and ~~shall~~must admit or deny the averments on which the adverse party relies. If the defendant is without knowledge, the defendant ~~shall~~must so state, and such statement ~~shall~~will operate as a denial. Denial ~~shall~~must fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part of an averment, the pleader ~~shall~~must specify so much of it as is true and ~~shall~~must deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or may generally deny all of the averments except such designated averments as the pleader expressly admits~~,~~. ~~but w~~When the pleader does so intend to controvert all of its

- 7 -

averments, including averments of the grounds ~~upon~~on which the court's jurisdiction depends, the pleader may do so by general denial.

**(d)** **Affirmative Defenses.** In pleading to a preceding pleading, a party ~~shall~~must set forth affirmatively: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. A pleading that sets forth an affirmative defense must contain a short and plain statement of the ultimate facts supporting the avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, ~~shall~~must treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b)~~;~~, provided this ~~shall~~does not limit amendments under rule 1.190 even if such ground is sustained.

**(e)** **Effect of Failure to Deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted ~~shall~~must be taken as denied or avoided.

**(f)** **Separate Statements.** All averments of claim or defense ~~shall~~must be made in consecutively numbered paragraphs~~,~~. ~~t~~The contents of each ~~of which shall~~paragraph must be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded ~~upon~~on a separate transaction or occurrence and each defense other than denials ~~shall~~must be stated in a separate count or defense when a separation facilitates the clear presentation of the matter set forth.

**(g)  Joinder of Causes of Action; Consistency.** A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined. A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 count or defense or in separate counts or defenses. When 2 or more statements are made in the alternative, and 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of 1 or more of the alternative statements. A party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings ~~shall~~must be construed so as to do substantial justice.

**(h)  Subsequent Pleadings.** When the nature of an action permits pleadings subsequent to final judgment, and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment ~~shall~~must be designated a supplemental complaint or petition. The action ~~shall~~must then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision ~~shall~~does not apply to proceedings that may be initiated by motion under these rules.

**Committee Notes**
[No Change]

## RULE 1.820.  HEARING PROCEDURES FOR NON-BINDING ARBITRATION

**(a)  Authority of the Chief Arbitrator.** The chief arbitrator ~~shall have~~has authority to commence and adjourn the arbitration hearing and carry out other ~~such~~ duties ~~as are prescribed by~~under section 44.103, Florida Statutes. The chief arbitrator ~~shall~~does not have authority to hold any person in contempt or to in any way impose sanctions against any person.

**(b)  Conduct of the Arbitration Hearing.**

(1)    The chief judge of each judicial circuit ~~shall~~_must_ set procedures for determining the time and place of the arbitration hearing and may establish other procedures for the expeditious and orderly operation of the arbitration hearing to the extent such procedures are not in conflict with any rules of court.

(2)    Hearing procedures ~~shall~~_must_ be included in the notice of arbitration hearing sent to the parties and arbitration panel.

(3)    Individual parties or authorized representatives of corporate parties ~~shall~~_must_ attend the arbitration hearing unless excused in advance by the chief arbitrator for good cause shown.

**(c)    Rules of Evidence.** The hearing ~~shall~~_must_ be conducted informally. Presentation of testimony ~~shall~~_must_ be kept to a minimum, and matters ~~shall~~_must_ be presented to the arbitrator(s) primarily through the statements and arguments of counsel.

**(d)    Orders.** The chief arbitrator may issue instructions as are necessary for the expeditious and orderly conduct of the hearing. The chief arbitrator's instructions are not appealable. ~~Upo~~_O_n notice to all parties the chief arbitrator may apply to the presiding judge for orders directing compliance with such instructions. Instructions enforced by a court order are appealable as are other orders of the court.

**(e)    Default of a Party.** When a party fails to appear at a hearing, the chief arbitrator may proceed with the hearing_,_ and the arbitration panel ~~shall~~_must_ render a decision based ~~up~~on the facts and circumstances ~~as~~ presented by the parties present.

**(f)**    [No Change]

**(g)    Completion of the Arbitration Process.**

(1)     Arbitration ~~shall~~must be completed within 30 days of the first arbitration hearing unless extended by order of the court on motion of the chief arbitrator or of a party. ~~No e~~Extensions of time ~~shall be for a period~~must not exceed~~ing~~ 60 days from the date of the first arbitration hearing.

(2)     ~~Upo~~On the completion of the arbitration process, the arbitrator(s) ~~shall~~must render a decision. In the case of a panel, a decision ~~shall~~must be final ~~up~~on a majority vote of the panel.

(3)     [No Change]

(4)     Any transcripts or exhibits used in the arbitration must, unless otherwise ordered by the court or agreed by the parties, be retained by the party who introduced the transcripts or exhibits until the conclusion of the case, or until otherwise ordered by the court.

**(h)     ~~Time for Filing Motion for Trial~~Notice of Rejection of the Arbitration Decision and Request for Trial.** To reject the arbitration decision, within 20 days of service of the arbitrator(~~'s~~)(s') written decision, ~~A~~any party ~~may~~must file a ~~motion for trial~~notice of rejection of the arbitration decision and request for trial in the same document. No action or inaction by any party, other than the filing of the notice, will be deemed a rejection of the arbitration decision. If a ~~motion for trial~~notice of rejection of the arbitration decision and request for trial is filed by any party, any party having a third-party claim at issue at the time of arbitration may file a ~~motion for trial~~notice of rejection of the arbitration decision and request for trial within 10 days of service of the first ~~motion for trial~~notice of rejection of the arbitration decision and request for trial. If a ~~motion for trial~~notice of rejection of the arbitration decision and request for trial is not made within 20 days of service on the parties of the decision, the decision ~~shall~~must be referred to the presiding judge, who ~~shall~~must enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.

**Committee Notes**

[No Change]

# FORM 1.923(a).  EVICTION SUMMONS/—RESIDENTIAL

EVICTION SUMMONS/RESIDENTIAL

TO: ..........

Defendant(s)

..........

..........

PLEASE READ CAREFULLY

You are being sued by .......... to require you to move out of the place where you are living for the reasons given in the attached complaint.

You are entitled to a trial to determine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.

THE THINGS YOU MUST DO ARE AS FOLLOWS:

(1)     Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the clerk of the court at .......... County Courthouse

..........

.........., Florida

(2)     Mail or give a copy of your written reason(s) to:

..........

Plaintiff/Plaintiff's Attorney

..........

..........

Address

(3)     Pay to the clerk of the court the amount of rent that the attached complaint claims to be due and any rent that becomes due until the lawsuit is over. If you believe that the amount claimed in the complaint is incorrect, you

- 13 -

should file with the clerk of the court a motion to have the court determine the amount to be paid. If you file a motion, you must attach to the motion any documents supporting your position and mail or give a copy of the motion to the plaintiff/plaintiff's attorney.

(4) If you file a motion to have the court determine the amount of rent to be paid to the clerk of the court, you must immediately contact the office of the judge to whom the case is assigned to schedule a hearing to decide what amount should be paid to the clerk of the court while the lawsuit is pending.

IF YOU DO NOT DO ALL OF THE THINGS SPECIFIED ABOVE WITHIN 5 WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TO YOU OR TO A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE

(5) If the attached complaint also contains a claim for money damages (such as unpaid rent), you must respond to that claim separately. You must write down the reasons why you believe that you do not owe the money claimed. The written reasons must be given to the clerk of the court at the address specified in paragraph (1) above, and you must mail or give a copy of your written reasons to the plaintiff/plaintiff's attorney at the address specified in paragraph (2) above. This must be done within 20 days after the date these papers were given to you or to a person who lives with you. This obligation is separate from the requirement of answering the claim for eviction within 5 working days after these papers were given to you or to a person who lives with you or were posted at your home.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

- 14 -

DATED on ..........

(Name of Clerk)

As Clerk of the Court

By‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

As Deputy Clerk

NOTIFICACION DE DESALOJO/RESIDENCIAL

A: ..........

Demandado (s)

..........

..........

SIRVASE LEER CON CUIDADO

Usted esta siendo demandado por .......... para exigirle que desaloje el lugar donde reside por los motivos que se expresan en la demanda adjunta.

Usted tiene derecho a ser sometido a juicio para determinar si se le puede exigir que se mude, pero ES NECESARIO que haga TODO lo que se le pide a continuacion en un plazo de 5 diías (no incluidos los sabados, domingos, ni días feriados) a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se colocaron en su casa.

USTED DEBERA HACER LO SIGUIENTE:

(1) Escribir el (los) motivo(s) por el (los) cual(es) cree que no se le debe obligar a mudarse. El (Los) motivo(s) debera(n) entregarse por escrito al secretario del tribunal en el .................... County Courthouse

..........

.........., Florida

(2) Enviar por correo o darle su(s) motivo(s) por escrito a:

..........

Demandante/Abogrado del Demandante

..........

..........

Dirección

(3)    Pagarle al secretario del tribunal el monto del alquiler que la demanda adjunta reclama como adeudado, así como cualquier alquiler pagadero hasta que concluya el litigio. Si usted considera que el monto reclamado en la demanda es incorrecto, deberá presentarle al secretario del tribunal una moción para que el tribunal determine el monto que deba pagarse. Si usted presenta una moción, debera adjuntarle a esta cualesquiera documentos que respalden su posición, y enviar por correo o entregar una copia de la misma al demandante/abogado del demandante.

(4)    Si usted presenta una moción para que el tribunal determine el monto del alquiler que deba pagarse al secretario del tribunal, deberá comunicarse de inmediato con la oficina del juez al que se le haya asignado el caso para que programe una audiencia con el fin de determinar el monto que deba pagarse al secretario del tribunal mientras el litigio esté pendiente.

---

SI USTED NO LLEVA A CABO LAS ACCIONES QUE SE ESPECIFICAN ANTERIORMENTE EN UN PLAZO DE 5 DIAS LABORABLES A PARTIR DE LA FECHA EN QUE ESTOS DOCUMENTOS SE LE ENTREGARON A USTED O A UNA PERSONA QUE VIVE CON USTED, O SE COLOQUEN EN SU CASA, SE LE PODRA DESALOJAR SIN NECESIDAD DE CELEBRAR UNA AUDIENCIA NI CURSARSELE OTRO AVISO

---

(5)    Si la demanda adjunta también incluye una reclamación por daños y perjuicios pecunarios (tales como el incumplimiento de pago del alquiler), usted deberá responder a dicha reclamación por separado. Deberá exponer por escrito los motivos por los cuales considera que usted no debe la suma reclamada, y entregarlos al secretario del tribunal en la dirección que se especifica en el parrafo (1) anterior, así como enviar por correo o entregar una copia de los mismos al demandante/abogado del demandante en la dirección que se especifica en el parrafo (2) anterior. Esto deberá llevarse a cabo en un plazo de 20 días a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted. Esta obligación es aparte del requisito de responder a la demanda de desalojo en un plazo de 5 días a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se coloquen en su casa.

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court***

*personnel by name, address, and telephone number]*, **por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

CITATION D'EVICTION/RESIDENTIELLE

A: .........
Defendeur (s)

...........

...........

**LISEZ ATTENTIVEMENT**

Vous etes poursuivi par ................... pour exiger que vous evacuez les lieux de votre residence pour les raisons enumerees dans la plainte ci-dessous.

Vous avez droit a un proces pour determiner si vous devez demenager, mais vous devez, au prealable, suivre les instructions enumerees ci-dessous, pendant les 5 jours (non compris le samedi, le dimanche, ou un jour ferie) a partir de la date ou ces documents ont ete donnes a vous ou a la personne vivant avec vous, ou ont ete affiches a votre residence.

LISTE DES INSTRUCTIONS A SUIVRE:

(1)    Enumerer par ecrit les raisons pour lesquelles vous pensez ne pas avoir a deme nager. Elles doivent etre remises au clerc du tribunal a .................... County Courthouse

...........

..........., Florida

(2)    Envoyer ou donner une copie au:

...........

Plaignnant/Avocat du Plaignant

...........

...........

Adresse

(3)     Payer au clerc du tribunal le montant des loyers dus comme etabli dans la plainte et le montant des loyers dus jusqu'a la fin du proces. Si vous pensez que le montant etabli dans la plainte est incorrect, vous devez presenter au clerc du tribunal une demande en justice pour determiner la somme a payer. Pour cela, vous devez attacher a la demande tous les documents soutenant votre position et faire parvenir une copie de la demande au plaignant/avocat du plaignant.

(4)     Si vous faites une demande en justice pour determiner la somme a payer au clerc du tribunal, vous devrez immediatement prevenir le bureau de juge qui presidera au proces pour fixer la date de l'audience qui decidera quelle somme doit etre payee au clerc du tribunal pendant que le proces est en cours.

---

SI VOUS NE SUIVEZ PAS CES INSTRUCTIONS A LA LETTRE DANS LES 5 JOURS QUE SUIVENT LA DATE OU CES DOCUMENTS ONT ETE REMIS A VOUS OU A LA PERSONNE HABITANT AVEC VOUS, OU ONT ETE AFFICHES A VOTRE RESIDENCE, VOUS POUVEZ ETRE EXPULSES SANS AUDIENCE OU SANS AVIS PREALABLE

---

(5)     Si la plainte ci dessus contient une demande pour dommages pecuniaires, tels des loyers arrieres, vous devez y repondre separement. Vous devez enumerer par ecrit les raisons pour lesquelles vous estimez ne pas devoir le montant demande. Ces raisons ecrites doivent etre donnees au clerc du tribunal a l'adresse specifiee dans le paragraphe (1) et une copie de ces raisons donnee ou envoyee au plaignant/avocat du plaignant a l'adresse specifiee dans le paragraphe (2). Cela doit etre fait dans les 20 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous. Cette obligation ne fait pas partie des instructions a suivre en reponse au proces d'eviction dans les 5 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [*identify court personnel's address and telephone number*], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

TO: .....(insert name, address, and phone number of tenant)......

PLEASE READ CAREFULLY

You are being sued by .....(insert landlord's name)..... to require you to move out of the property located at _____ _____ for the reasons given in the attached complaint.

You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturdays, Sundays, or legal holidays) after the date these papers were given to you or to a person who lives with you or were posted at your home.

THE THINGS YOU MUST DO TO CHALLENGE THE EVICTION ARE AS FOLLOWS:

1.      Write down the reason(s) why you think you should not be forced to move. (You may use Florida Supreme Court Form 1.947(b), Answer—Residential Eviction, to do this.) The written reason(s) must be given to the clerk of the court at .....(insert address of courthouse)......

2.      Mail or take a copy of your written reason(s) to: _____

.....(insert landlord's name and address)......

3.      Pay the clerk of court the rent that is due. You MUST pay the clerk of the court the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the judge may release this rent to the landlord. [By statute, public housing tenants or tenants receiving rent subsidies must be required to pay only that portion of the full rent for which the tenant is responsible under the federal, state, or local program in which they are participating.]

4.      If you and the landlord do not agree on the amount of rent owed, you must file a written request (motion) that asks the judge to decide how much money you must pay to the clerk of the court. The written request must be filed with your answer to the eviction complaint. A copy of your motion must also be mailed or hand delivered to the plaintiff(s) attorney, or if the plaintiff(s) has no attorney, to the plaintiff.

---

IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 DAYS (NOT INCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS FOR YOUR

COURTHOUSE) YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.

---

You may want to call a lawyer right away. If you do not know a lawyer, you can contact the Lawyer Referral Service on The Florida Bar's website. If you cannot afford a lawyer, you may be eligible for free legal aid. You can locate legal aid programs by searching for "legal aid" on The Florida Bar's website.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

DATED on the _____ day of _____, 20_____.

Clerk of the Court

By: _____

Deputy Clerk

Clerk's Address: _____

_____

Telephone No. _____

**Committee Notes**

[No Change]

## FORM 1.923(b).   SUMMONS ACTION FOR BACK RENT OR OTHER DAMAGES

Each defendant is further required to serve written defenses to the demand for back rent or any other damages alleged in the complaint on the above .....(insert landlord's name and address)..... within 20 days after service of this summons on the defendant, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service on.....(insert landlord's name)..... or thereafter. If you fail to do so, a default may be entered against the defendant for the relief demanded in that portion of the complaint.

WITNESS my hand and seal of the Court this_____day of _____ _____, 20_____:

(COURT SEAL)                                    Clerk of the Court

                                                        By:_____

                                                              Deputy Clerk

- 21 -

## FORM 1.947(b). ANSWER—RESIDENTIAL EVICTION

1.      The defendant answers the complaint as follows: (Check ONLY 1, a. or b.)

a. _____ Defendant generally denies each statement of the complaint.

b. _____ Defendant admits that all the statements of the complaint are true EXCEPT:

(i) _____ The following statement(s) in paragraph(s) _____ of the complaint is/are false. Please explain: _____

_____

_____

_____

(ii) _____ I do not know whether the information in paragraph(s) _____ of the complaint is/are true or false, so I am denying them.

_____

2.      If you write down any defense other than payment of rent, then you must take one of the following steps:

a.      If you agree with the landlord about the rent owed, then you must pay the rent owed into the court registry when you file this response.

b.      If you disagree with the landlord about the rent owed for any reason, then you must check box 3(b) below and describe with detail why you disagree.

c.      You MUST pay the clerk of court the rent each time it becomes due until the lawsuit is over.

If you fail to follow these instructions, then you will lose your defenses. You will not have a hearing in your case and you may be evicted without a court date.

3.      The defendant sets forth the following defenses to the complaint: (Check ONLY the defenses that apply, and state brief facts to support each checked defense.)

a. _____ The landlord did not make repairs, and I withheld my

rent after sending written notice to the landlord. (Attach a copy of the written notice to the landlord.) Please explain:

b. _____ I do not owe the total amount of rent or ongoing amount of rent the landlord claims I owe. I am also asking this court to determine the amount of rent that must be deposited into the court registry and requesting a hearing. **(Motion to Determine Rent.)** Please explain:

c. _____ I attempted/offered to pay all the rent due before the notice to pay rent expired, but the landlord did not accept the rent payment. Please explain:

d. _____ I paid the rent demanded by the landlord in the notice to pay rent. Please explain:

e. _____ The landlord waived, changed, or canceled the notice that required me to move out of the residence. Please explain:

f. _____ The landlord filed the eviction in retaliation against me. For example, the tenant has complained to a governmental agency charged with responsibility for enforcement of building, housing, or health codes of a suspected violation, or tenant has complained directly to the landlord. Please explain:

g. _____ The landlord filed the eviction in violation of the

Federal Fair Housing Act and/or the Florida Fair Housing Act. Please explain:

h. _____ The landlord accepted rent from me after sending me the notice to terminate. Please explain:

i. _____ I already corrected the violations claimed by the landlord on the notice to terminate. Please explain:

j. _____ The landlord is not the owner of the property where I live. Please explain:

k. _____ I did not receive the notice to terminate or the notice was legally incorrect. Please explain:

l. _____ Other defenses. Please explain:

4. **You have a constitutional right to request a trial by a jury of your peers instead of a judge. However, there are some things you should know about this right:**

a. You may have waived this right in your lease, so review it carefully before requesting a jury trial.

b. If you want a jury trial, you should request it in writing when

you file your answer or you may waive your right to a jury trial.

c.     Jury trials are not simple to conduct. You will bear some responsibility in the process and, if you are unprepared, it may be difficult to represent yourself in a jury trial. Additionally, once you request a jury trial, if you change your mind and you want the judge to decide your case, the landlord will need to agree.

d.     If you have questions about whether to request a jury trial, you should speak with an attorney.

5.     Select whether you want to request a jury trial: (Check only one.)

_____ I want a judge to decide my case.

_____ I want a jury to decide my case.

All of the statements made above are true to the best of my knowledge and belief.

Signature: _____
Printed Name: _____
Date: _____
Address: _____
Telephone Number: _____
E-mail Address: _____

**NOTE:** Each defendant named in the complaint for whom this answer is filed must sign this answer unless the defendant's attorney signs.